## ANONYMOUS.

Proceedings supplementary to execution cannot be had upon an execution issued by a county clerk, on a justice's judgment for less than $25, of which a transcript has been filed in the county clerk's office.

APPLICATION at chambers for an order supplementary to execution.

*N. P. Hinman*, for application.

PECKHAM, J. This is an application for a supplementary order upon an execution issued by a county clerk upon a justice's judgment for less than $25, a transcript thereof having been filed. Section 248 of the code of 1848 enacted that " whenever an execution against property of the judgment debtor issued to the sheriff of the county where he resides, or, if he reside out of the state, to the sheriff of the county where the judgment roll is filed, shall be returned unsatisfied in whole or in part, the judgment creditor may obtain an order, &c."

By the provisions of the revised statutes it was made the duty of a justice of the peace, on the demand of any person, in whose favor he shall have rendered judgment *for above twenty-five dollars*, exclusive of costs, to give a transcript of such judgment. The next section makes it the duty of the clerk to file the transcript, and enter a judgment thereon, and makes that judgment of the same force, as if rendered in a court of common pleas. (2 *R. R.* 247, 8, §§ 128, 129.) If the first section applied to a justice's judgment, it will be perceived that no proceedings of this character could be had thereon, where the judgment, exclusive of costs, did not exceed $25, as no transcript was authorized of any other. But it has been supposed that a change in that respect worked a change also in the power to take supplementary proceedings.

In 1849 the legislature enacted that a justice should " give a transcript of a judgment, without reference to the amount,

and from the time of its docket it should be a judgment of the county court." It also provided for filing a transcript of that judgment in any other county, with the like effect, &c. thereon; "but no such judgment for a less sum than $25 shall be a lien upon, or enforced against, real estate." (3 *R. S. 5th ed. p.* 496, § 63.) This alteration had reference solely, and it was its single purpose, to enable a creditor for less than $25, on a justice's judgment, to issue execution against the debtor's personal property to any county in the state, where a transcript thereof was filed, or a transcript of the docket thereof was filed, without being compelled to recover a judgment again in a justice's court.

By section 292 of the code of 1849, it is provided that "when an execution against property of the judgment debtor, or of any one of the several debtors in the same judgment, issued to the sheriff of the county where he resides, or has a place of business, or, if he do not reside in the state, to the sheriff of the county where a judgment roll or a transcript of a justice's judgment for $25, or upwards, exclusive of costs, is filed, is returned unsatisfied in whole or in part, the judgment creditor is entitled to an order" supplementary, &c. This is the only section that speaks in terms of supplementary proceedings being taken for the collection of judgments of a justice's court, and it gives authority therefor only where the judgment, exclusive of costs, exceeds $25. The reference to the transcript of a judgment in this section is not to show the kind of judgment as against a non-resident debtor, upon which the creditor could take proceedings, but the kind of judgment generally, on which relief of this character could be had. The amount of the judgment is repeated for greater caution. This section has been supposed to allow proceedings supplementary against our own citizens, upon a justice's judgment for any amount whatever, but against non-residents only where it exceeded $25, exclusive of costs. Though this might be in accordance with the technical reading of this section, it does not at all comport with the spirit of the act.

It would make the legislature of 1849 do what no other legislative body ever did before or since, viz. give more rigorous and harsh remedies against its own citizens than against non-residents.   There is no reason for any distinction at all, certainly none for one so absurd.   It is not necessary, to bring a subject within the purview of a statute, that every particular of its language should apply to it, provided the intent to embrace it is clear.   (*Spraker* v. *Cook*, 16 *N. Y. R.* 567; *and see Olcott* v. *The Tioga Rail Road Co.*, 20 *id.* 210.)

Before the session of 1849, it is conceded that no proceedings supplementary could be had on a justice's judgment, unless the amount thereof was over $25.   The legislation of 1849, taken together, gave no further remedy.   The reason, doubtless, was the same as that forbidding the sale of real estate on judgments for less than $25 from justice's courts, viz: that the costs of each proceeding would be too great for the amount involved—the same reason that forbade relief on a judgment for less than $100 in the old court of chancery.   Though it was said to be beneath the dignity of the latter court to notice such small controversies.

This application is denied.

[At CHAMBERS, Albany, June, 1860.  *Peckham*, Justice.]