STEPHEN WOLF, APPELLANT, v. ALBERT JORDAN, RESPONDENT.

*Supplementary proceedings—cannot be instituted on a justice's judgment for less than $25.00—Code of Procedure, § 292.*

Under section 292 of the Code of Procedure, supplementary proceedings cannot be instituted where a transcript of a justice's judgment for less than $25, exclusive of costs, has been filed, and an execution issued thereon has been returned unsatisfied.*

APPEAL from an order vacating an order requiring one Draper to appear before a referee and be examined as to any property of the judgment debtor in his hands.

---

* [Section 2458 of the Code of Civil Procedure expressly provides that to authorize the creditor to institute supplementary proceedings, the judgment must in all cases be for a sum not less than $25, exclusive of costs.—REP.]

A judgment was obtained by the appellant against the respondent before a justice of the peace of the town of Wallkill, Orange county, on July 26, 1877, for $6.23 damages and $2.45 costs, amounting in all to $8.68. A transcript thereof was filed in the Orange county clerk's office, January 26, 1880. At the time the execution was issued there was due on the judgment, including costs and interest thereon, $10.21. On February 18, 1880, upon the affidavit of the plaintiff that Joshua Draper had property of the judgment debtor, and was indebted to him in an amount exceeding $10, Hon. O. P. HOWELL, special county judge of Orange county, made an order directing the said Draper to appear before a referee to answer concerning the same, and also enjoining the said Draper and the defendant from interfering with the defendant's property. On February 20, 1880, the said Hon. O. P. HOWELL made an order requiring the plaintiff to show cause why the former order should not be set aside, and, after hearing argument of counsel, he made an order vacating the original order, from which last order this appeal is taken.

*O. N. Goldsmith,* for the appellant.

*Henry Low,* for the respondent.

DYKMAN, J.:

Can proceedings supplementary to execution be instituted when a transcript of a justice's judgment for less than $25, exclusive of costs, has been filed, and an execution issued thereon has been returned unsatisfied? The answer to this question is the decision of this appeal. Reason gives a negative answer. The old Court of Chancery in this State refused relief where the matter in dispute did not exceed $100. The reason of this was sometimes said to be that it was beneath the dignity of that court to interpose its jurisdiction for small and trivial amounts, but the true reason doubtless was, that the costs and expenses attending litigation in that court were large, and ought not to be imposed where they would exceed the amount in controversy. The same rule ought to prevail in giving a construction to the language of section 292 of the Code of Procedure: "When an execution against property of the judgment debtor, or any one of several debtors in the same

judgment issued to the sheriff of the county where he resides or has a place of business, or, if he do not reside in the State, to the sheriff of the county where a judgment-roll, or a transcript of a justice's judgment for $25 or upwards, exclusive of costs, is filed, is returned unsatisfied in whole or in part, the judgment creditor at any time after such return made is entitled to an order, &c." True it is, that in strictness of language, this $25 provision applies to non-residents of the State, but there is no reason why it should not include residents as well. No sound reason can be adduced for their exclusion. It cannot be assumed that the legislature intended discrimination against its own citizens. If a non-resident of the State cannot be subjected to the expense and annoyance of these proceedings on small judgments, certainly a rule equally favorable must prevail in favor of resident citizens.

If the voice of experience be joined to the voice of reason, both will be found harmonious in commendation of this rule.

The position is not without judicial support, although the statute has been amended somewhat since some of the cases were decided. (_Butts_ v. _Dickinson_, 20 How. Pr., 230 ; _Anonymous_, 32 Barb., 201.)

The order appealed from must be affirmed, with costs and disbursements.

BARNARD, P. J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs and disbursements.