AUSTIN and others *vs.* FIGUEIRA & SPINOLA.

Where to an execution, in the form prescribed by the statute, on a judg-
ment against two as joint debtors but only one of whom was served with
process to appear and answer in the suit, the sheriff returned in the usual
form that the defendants had no goods or chattels, lands or tenements,
without in terms negativing the fact that either of the defendants had any
separate property; *Held,* that the return was sufficient to authorize the
plaintiffs in the judgment to file a creditor's bill, and to obtain the appoint-
ment of a receiver of the joint property of the defendants in the execution
and of the separate property of the defendant who was served with pro-
cess in the original suit.

The complainant in a creditor's bill may apply for the appointment of a re-
ceiver, after the service of the subpœna and before the time limited by the
rules of the court for the defendant's appearance has expired; but in that
case, notice of the application must be served upon the defendant.

After the bill has been taken as confessed against the defendant for want of
appearance, an application for the appointment of a receiver, or for an in-
junction or a ne exeat against the defendant, may be made ex parte and
without any notice thereof to him.

Where separate judgments have been recovered against the drawer and en-
dorser of a note, and executions against the property have been returned
unsatisfied as to each defendant, it seems that one creditor's bill may be
filed thereon against the defendants in both of the judgments, provided
the endorser has property or effects to the amount of $100 and more.

A creditor who has recovered separate judgments against the drawer and
endorser of a note, is not bound to file his bill against them jointly in the
court of chancery after the return of the executions unsatisfied as to both.
But if he unnecessarily files his bill against the endorser separately, where
he knows or has good reasons for believing that the maker of the note,
who is the real debtor, has ample mean of paying the note, and whose
property might be reached by a joint bill against both, it seems he will not
be allowed his costs of the separate bill against the endorser.

THIS was an appeal by the defendants from an order of
the vice chancellor of the first circuit, appointing a receiver
of the joint property of the defendants and of the separate
property of Spinola, who alone was served with process in
the suit at law. The execution was in the usual form, di-
recting the amount of the judgment to be levied of the
goods and chattels, lands and tenements of the two defend-
ants; with the proper endorsements thereon, according to
the directions of the statute. And the sheriff's return was,
in the words of the execution, that the said Fortunatus Fi-

1838.

Austin
v.
Figueira.

gueira and John L. Spinola, had no goods or chattels, lands or tenements, without in terms negativing the fact that either of them had any separate property. Upon serving the subpœna and injunction upon the defendants, copies of the bill were also served, with a notice of an application for the appointment of a receiver on the return day of the subpœna. An objection was made before the vice chancellor that the application was premature, as the defendants had ten days after the return day of the subpœna to appear in the cause. The vice chancellor overruled the objection, but gave to the defendants further time to prepare to oppose the application. The defendant Spinola made an affidavit that the sheriff had not called upon him to satisfy the debt out of his individual property ; but did not state therein whether he had or had not any individual property within the county which could have been reached by the execution. It further appeared that the debt for which the judgment was recovered arose on an endorsement of a note, given by P. N. Searle as the drawer thereof for his own proper debt ; and that separate judgments had been rendered against Searle the drawer, and the defendants in this suit, as the endorsers of the note, as authorized by the act of May, 1835. But it did not appear from the affidavit whether an execution had been issued and returned upon the judgment against the maker of the note, so as to have authorized the filing of a bill against him, nor did it appear how much of either judgment was for costs and how much for the debt.

*S. Stevens,* for the appellants.

*H. Nicoll,* for the respondents.

THE CHANCELLOR. Neither of the objections to the order of the vice chancellor is well taken. It has been frequently decided by this court that it is the duty of the complainant in a creditor's bill, where an injunction has been issued, to apply for the appointment of a receiver without any unreasonable delay, so that the property of the defend-

ant may not be lost for want of some one who is authorized to collect the debts and dispose of perishable articles. And it is a very common practice to give notice of the application to appoint a receiver at the time of the service of the injunction and subpœna upon the defendant. Although the defendant has a certain number of days after the return day of the subpœna to enter his appearance, before he is liable to be attached or to have the bill taken as confessed against him, there is nothing in the rules or the practice of the court which requires all other proceedings on the part of the complainant to be stayed in the meantime. The complainants may therefore apply for an injunction or a receiver or for a writ of ne exeat, upon due notice to the defendant, at any time between the time of serving the subpœna and the time limited by the rules of the court for the defendant to appear. After that time, if the defendant has not appeared and the bill has been taken as confessed against him, the application may be made ex parte and without any notice thereof to him.

The legal meaning of the sheriff's return on the execution in this case is, that neither the defendants jointly nor the defendant Spinola separately have any property of which he could levy the amount of the debt. The return is as broad as the command in the body of the execution, and is only restrained by the limitation of the endorsement on the execution, in conformity with the statute. There can be no doubt that such a return to the execution would have been sufficient if both defendants had been served with process, so as to make the separate property of each as well as the joint property of both answerable for the satisfaction of the execution. And in that case the sheriff might have been sued for a false return if it could be shown that either had separate property on which he had neglected to levy and satisfy the execution.

If the executions upon both of the judgments had been issued and returned unsatisfied, so as to have authorized the commencement of joint proceedings in this court against the drawer as well as the endorsers of the note, I am inclined to think neither could have demurred for multifari-

ousness; as both judgments were for the same debt, although some costs may have been included in each judgment for which the defendants in the other were not liable. But it might be necessary, in such a proceeding against them all jointly, to show that the defendant in the judgment against the endorser had assets to the amount of $100 and more, to excuse the complainants from paying him costs. I am satisfied, however, that this is a case in which the complainants were not bound to file their bill jointly against the drawer and endorsers of a note, any more than they would have been if the judgments had been recovered in two separate and distinct suits throughout. But if they have unnecessarily proceeded against the endorsers separately in this court, when they knew or had good reason to suppose that the maker had ample property to pay the note, which assets might be reached by a joint bill against both, it may be a good reason for not charging the endorsers with costs. There is no pretence, however, in the defendants' affidavits, that these complainants are proceeding against the endorsers of the note unreasonably, and with a knowledge that they had a perfect remedy against the property of the drawer. In the case of *Van Cleef* v. *Sickles*, (5 *Paige's Rep.* 505,) there was a joint judgment, for the costs as well as the debt, against the makers and endorsers of the note.

The order of the vice chancellor must be affirmed, with costs, and the proceedings are to be remitted.