THOMAS and others *vs.* THE MERCHANTS' BANK and others.

A judgment against a foreign corporation, founded upon an attachment of its corporate property, is a proceeding in rem against the property attached; and is not a judgment upon which an ordinary creditor's bill can be founded, upon the return of the plaintiff's execution unsatisfied.

After the property of a foreign corporation has been transferred to a receiver, for the benefit of the creditors of the corporation, and the title thereto has become vested in the receiver under an order of the court of chancery of the state where the corporation is situated, such property cannot be reached by an attachment in this state, as the property of the corporation.

Where the sheriff, upon an attachment against a foreign corporation, returned that he had given notice of the attachment to the cashier of a bank, without stating that he had attached any thing, or that the bank held any property of, or was in any way indebted to such foreign corporation; *Held*, that the return was not sufficient to entitle the plaintiff to a judgment which would reach notes of the foreign corporation which had been deposited in such bank for collection.

May 24.    THIS was an appeal from a decision of the vice chancellor of the first circuit, denying an application for an injunction. The complainants were creditors of the Manufacturers' Bank at Bellville, in the state of New-Jersey, a foreign corporation; and had obtained judgments against that corporation, upon proceedings against it by attachment, in the supreme court of this state, under the fifteenth section of the article of the revised statutes relative to proceedings against corporations in courts of law. These attachments were issued on the 10th of April, 1839, and were, on the 12th of that month served upon the Merchants' Bank, without in fact attaching any thing; but merely by giving notices to the cashier of the issuing of such attachments, and requiring him to keep in his possession any property belonging to the corporation against which they issued, towards satisfying those attachments.

And the only returns which the sheriff made to the supreme court were as follows: "Gave notice of the within attachment to O. J. Cammann, Esquire, cashier of the Merchants' Bank." Upon these returns the plaintiffs proceeded and obtained judgments by default against the defendant in those suits; and afterwards issued executions on such judgments, which executions were returned unsatisfied. On the 8th of April a bill was filed in the court of chancery of the state of New-Jersey, alleging that the bank at Belleville had stopped payment. And on the 9th, and before the attachments were issued to the sheriff of New-York, the chancellor of that state appointed receivers of the property of that institution; who, according to the laws of New-Jersey, as stated in the affidavits on the part of the defendants, thereby became vested with the title to all the estate and property of that corporation. At the time the attachments were issued, there were in the Merchants' Bank five notes and drafts which the bank at Belleville had sent there for collection; one of which was afterwards paid, and the rest were protested for non-payment. It appeared, however, by the affidavits on the part of the defendants, that the notes and drafts were all deposited with the bank at Belleville, by other persons, for collection merely. The bill, in this case, was filed against the Merchants' Bank and the receivers appointed by the court of chancery in New-Jersey, to reach the funds and securities which were in the Merchants' Bank to satisfy the judgments. The vice chancellor decided that under the provisions of the revised statutes, previous to the amendatory act of May, 1840, the sheriff could not, upon an attachment against a foreign corporation, attach any thing which he was not authorized afterwards to sell upon the execution on the judgment which should be obtained under that proceeding against the foreign corporation; that this court had not jurisdiction of the case to give any relief to the plaintiffs which the court in which the attachments were returnable could not give; and that considering this as an ordinary creditor's bill, the property in

controversy was vested in the receivers before the commencement of this suit, if it did not belong to the individuals who deposited the securities with the bank at Belleville for collection.

*S. M. Woodruff*, for the appellants.

*B. W. Bonney*, for the respondents.

THE CHANCELLOR. Without stopping to enquire whether the vice chancellor is right in supposing that no property could be attached in a suit against a foreign corporation, previous to the act of May, 1840, except such as was liable to sale on execution under the general provisions of the article of the revised statutes relative to executions against property, (*2 R. S. 366, § 18, 19, 20*,) I am satisfied that whatever was the proper subject of the attachment might, if attached by the sheriff, be sold by him on the execution to satisfy the judgment recovered in the proceeding upon such attachment. The statute contemplates a proceeding in rem against the property of the corporation, attached by the sheriff, and the execution only goes against that particular property. If the sheriff, therefore, had actually attached any property which was the proper subject of attachment so as to subject it to this proceeding in rem, he should have sold it on the execution, or have applied it in satisfaction of the judgments. As I understand the facts, however, the sheriff neither attached these choses in action in the Merchants' Bank, nor made any enquiries to ascertain whether there was any thing in that institution, belonging to the foreign corporation, which he could seize upon. And as he did not return upon the attachment that there was any property or effects of that corporation in the hands of the cashier of the Merchants' Bank, the statement that he had given notice to the cashier of the attachments does not appear to be such an execution of the process as to authorize the plaintiffs to proceed to judgment in the suits thus commenced.

I also think the vice chancellor was right in supposing that if these returns were sufficient to sustain the judgments of the complainants, the property of the foreign corporation, not actually attached, cannot be reached by an ordinary creditor's bill in this case ; not only on the ground that the attachment is a proceeding in rem merely, but also upon the ground that before the recovery of the judgments, and indeed before the sheriff had attempted to execute the attachment, all the debts and choses in action of the foreign corporation had been vested in the receivers appointed by the court of chancery where such corporation was located. Another fatal objection to this bill, considered as a creditor's bill merely, is that the foreign corporation, which is the judgment debtor, is not made a defendant; and it does not appear to have been legally dissolved. Besides, there appears to be no foundation for a preliminary injunction against the Merchants' Bank, as there is no pretence that the bank is irresponsible ; so that if the complainant succeeds in this suit, the decree against the defendants will be effectual if the monies and other property remain where they now are.

The decision of the vice chancellor must therefore be affirmed, with costs.