Nicholson, C.-J.,
delivered the opinion of the court.
This is a petition of the defendant, Paute, for an order superseding an interlocutory decree made in one of the chancery courts at Memphis, appointing a receiver to take charge of, and rent out, certain real estate, for the purposes therein stated,
*507 It was determined in the case of the McMinnville & Manchester Railroad Company v. Huggins, 7 Col., 217, that the interlocutory decree which this court may supersede, or stay proceedings under, is one which is of a nature to be actively enforced against the party.
This construction of the statute was followed in the case of Mabry v. Ross, 1 Heis., 769.
The appointment of a receiver, to take property out of the possession of a party, and appropriate its rents and profits to the payment of taxes, accrued and accruing, as in this case, is such an interlocutory decree as may be superseded by this court whenever a proper case is made out.
The Chancellor made the decree in this case upon the ground that the defendant, Paute, was in possession of the property involved in the controversy, receiving the rents and profits, but failing to remove and keep down the accumulating incumbrances of State, county, and city taxes, — the complainant being a judgment creditor of Paute, with a bill filed, after return of execution nulla bona, to reach and subject the equitable interest of Paute in the property.
The bill was filed to foreclose deeds of trust on the lands, and to reach the equitable interest of Paute after the satisfaction of prior liens and incumbrances; and to this end, a receiver was prayed for pendente lite.
Under sec. 4286 of the Code, a specific lien was-fixed upon the property by the filing of the bill; and, upon thus fixing his lien, the creditor was entitled to make application to have a receiver appointed.
This application was addressed to the sound discre *508 ■tion of the Chancellor. Kerr on Receivers, 5 and 57; ■19 "Vesey, 631; 4 Paige, 575; 7 Paige, 56.
The only question remaining is, whether this is a •case- that calls for our interposition in controlling and overruling the. discretion exercised by the Chancellor.
From the affidavits and counter-affidavits, as to the value of the property, the Chancellor thought it at least doubtful whether the corpus of the property was ■sufficient to pay the complainant’s debt.
With much better means of weighing the testimony •of the affiants than we can have, the Chancellor’s conclusion on this material point is entitled to great weight; and as we cannot undertake to say that his discretion has been abused, we are constrained to refuse the application.