CHARLES W. BARTLETT, Appellant, *v.* ELIHU SPICER, JR., Respondent.

The Supreme Court of this State has not jurisdiction of an action upon a stipulation entered into in a proceeding in admiralty instituted to obtain possession of a vessel for the purpose of prosecuting a particular voyage.

The stipulation is but an incident to the proceeding of which as it is a possessory action *in rem*, the United States District Court has exclusive jurisdiction, and the stipulation can only be enforced by and in accordance with the practice of that court.

*Dougan* v. *Champ. Transp. Co.* (56 N. Y., 1); *Baird* v. *Daly* (57 id., 236), distinguished.

A valid judgment *in personam* cannot be obtained against a non-resident of the State who is not personally served with process and does not appear in the action.

A State cannot authorize such a judgment which will bind property not within the State at the time and not proceeded against *in rem* in satisfaction of the claim.

A proceeding in admiralty was instituted by the majority owners of a vessel, to obtain possession, and a stipulation was given to obtain possession for a particular voyage. The stipulation recited the filing of the libel, and that the vessel had been levied upon by virtue of and was held under an execution upon a judgment against McN., the owner of the minority interest; the libel alleged that the action against McN. was to recover damages for personal injuries; that McN. was at the commencement and during the pendency of the action, a non-resident and was not within the State, that the judgment was by default without personal service of the summons or appearance by defendant, and that it and the

execution were void. In an action upon the stipulation, *held*, that the recitals therein as to the judgment and execution were not conclusive as to the validity thereof, but that said recitals must be construed with reference to and in connection with the allegations of the libel.

(Argued November 13, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court on trial, without a jury. (Reported below, 12 Hun, 398.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*John H. Bergen*, for appellant. Defendant is estopped by the recital of the judgment, execution and levy in the stipulation from denying their validity. (*Farman* v. *Auld*, 44 N. Y., 55; *Reed* v. *McCourt*, 41 id., 435; *Haggart* v. *Morgan*, 5 id., 422; *Dyckman* v. *The Mayor*, 5 id., 440–441; *Cutler* v. *Dickinson*, 8 Pick., 386; *Stebbins* v. *Smith*, 4 id., 97; *Lee* v. *Audworth*, 24 id., 196; *Dyer* v. *Rich*, 1 Met., 120; *Heard* v. *Lodge*, 20 Pick., 53; *Commonwealth* v. *Gould*, 118 Mass., 306; *Puchaer* v. *Farren*, 116 id., 121; *Way* v. *Lewis*, 115 id., 27; Bigelow on Estoppel, chap. 20, 57 *g* ; *Rodermond* v. *Clark*, 46 N. Y., 354; *Morris* v. *Rexford*, 18 id., 552; *Ferguson* v. *Landraw*, 5 Bush., 230; *Todd* v. *Kerr*, 42 Barb., 317; *People* v. *Murray*, 5 Hill, 268; *Van Hook* v. *Whitlock*, 26 Wend., 43; Water Witch, 1 Black., 494; Bigelow on Estoppel, chap. 10, 295; *Lainson* v. *Fremere*, 1 Ad. & El., 792; 1 Rolle's Abridg., 872 *b* ; *Horton* v. *Westminster Comrs.*, 7 Ex., 780; *Hill* v. *Manchester and S. W. W. Co.*, 2 Barn. & Ad., 544; *Cutler* v. *Boyer*, 11 Q. B., 973; *Freeman* v. *Auld*, 44 N. Y., 50; *Hills* v. *Laming*, 9 Ex., 256; *Gray* v. *McLean*, 17 Ill., 404; *Mitchell* v. *Ingram*, 38 Ala., 395; *De Zell* v. *Odell*, 3 Hill, 215; *Page* v. *Butler*, 15 Mo., 73; *S. East. R'way Co.* v. *Wharton*, 6 Hurl. & N., 520; *Carpenter* v. *Butler*, 8 Mees. & W., 209.) Plaintiff was not bound to bring his action on the stipulation in the

United States District Court, it could be enforced in a State court. (*Green* v. *Van Buskirk*, 5 Wall., 307; *The Moses Taylor*, 4 id., 411; *N. Y. Steam. Nav. Co.* v. *Mer. Bank*, 6 How. [U. S.], 344; Stats., 1789, 1 Stat. at Large, 76; 1 Bright, 25; *The Thomas Jefferson*, 10 Wheat., 428; *Albert* v. *The Virginia*, 2 Paine, 115; *The John Jay*, 3 Black. ; *Taylor* v. *Cornell*, 20 How. [U. S.], 583; *The Gazelle*, 1 Sprague, 378; *The Julia Ann*, id., 382; *Dougan* v. *Champ. Trans. Co.*, 56 N. Y., 1; *Baird* v. *Daly*, 57 id., 232; *Steamboat Co.* v. *Chase*, 13 Wall., 522; 1 [U. S.] Statutes at Large, 76; *Claflin* v. *Houseman*, 3 Otto, 130; *Bletz* v. *Col. Nat. Bank*, Sup. Ct. Pa., May 20, 1878; Reporter, vol. 6, No. 14.)

*Frank D. Sturges*, for respondent. The Supreme Court has no jurisdiction of an action to enforce the stipulation. (Dunlap Admr. Pr., 43–59 [m. p.], 157–163; Benedict's Admr., §§ 275–311–498; Bett's Admr. Pr., 16; *Ward* v. *Peck*, 18 How. [U. S.], 267; *The Big Alligator*, 1 Gallison, 148; *McLean* v. *U. S.*, 1 id., 148; *Campbell* v. *Hadley*, Sprague's Dec., 417; *The Apollo*, 1 Haggard, 312; *The Octavia*, 1 Mason's R., 149; Dunlap's Admr. Pr., 163; *The Palmyra*, 12 Wheat., 1; *The Apollo*, 1 Hagg., 311.) The stipulation partaking of the nature of the original cause in which it was given, and being enforceable by the Court of Admiralty, such court has exclusive jurisdiction to enforce its provisions. (U. S. Revised Statutes, § 563; *Brutus* v. *McCarty*, 13 J. R., 424: *McDougall* v. *Richardson*, 3 Hill, 560; *People* v. *Blackman*, 1 Denio, 633; *Otis* v. *Wakeman*, 1 Hill, 605; *The "Hollen" and Cargo*, 1 Mason R., 435; *Lane* v. *Townsend*, Ware. Repts., 291; Benedict's Admr., § 498.) The stipulation therefore can be enforced only in accordance with the rules and practice of the Court of Admiralty. (*Harris* v. *Wheeler*, 13 Wall., 51; *Taylor* v. *Curryl*, 20 How. [U. S.], 583; *City of Washington*, BETTS, J., manuscript opin.; Betts' Admr. Pr., 98; *The Baltic*, Blatch. & Howl., 149; Benedict's Admr., 429; District Court Rules, 144; *In re bail of Loring Snow*, 2 Curtis' Cir. Ct. R., 487.) The juris-

diction of any court exercising authority over a subject may be inquired into in every court where the proceedings of the former are relied upon and brought before the latter by the party claiming the benefit of such proceedings. (*Brookman* v. *Hamill*, 46 N. Y., 636; *Cadwell* v. *Colgate*, 7 Barb., 253; *Homan* v. *Brinkerhoff*, 1 Den., 184; *Coleman* v. *Bean*, 3 Keyes, 94–97; *Gardner* v. *Tyler*, 16 Abb. Pr., 17; *Chemung Canal Bank* v. *Judson*, 8 N. Y., 254; *Dobson* v. *Pearce*, 12 id., 156; *Borden* v. *Fitch*, 15 J. R., 141; *Mills* v. *Martin*, 19 id., 33; *Kerr* v. *Kerr*, 41 N. Y., 275; *Adams* v. *Saratoga and W. R. R. Co.*, 10 id., 333; *Sheldon* v. *Wright*, 5 id., 516.)

CHURCH, Ch. J. This action is brought upon a stipulation entered into in a proceeding in admiralty instituted by the majority owners of the bark *Maggie McNeil*, to obtain possession of the vessel for the purpose of prosecuting a particular voyage. The minority interest was owned by one McNeil, and the same had been levied upon by virtue of an execution issued upon a judgment for upwards of $25,000, for a tort, alleged to have been committed in New Orleans, rendered by default without personal service of the summons or appearance by the defendant who was a non resident and was not within the State during the pending of the action. The libel filed in admiralty stated these facts and alleged that the vessel was in possession of the sheriff, under a levy upon such execution, and that the judgment and execution were void.

We have examined with care, the points presented and ably argued by the appellant's counsel, but we are unable to concur with his views. To sustain the action, the plaintiff must successfully maintain ; 1st. That the Supreme Court had jurisdiction of the action upon the stipulation, and 2d. That the judgment and execution were valid and effectual. The Special Term decided against the plaintiff upon the question of jurisdiction, and the General Term upon the ground that the judgment was invalid.

We are of opinion that both courts were right. The stipulation was given in the admiralty action. That court has both possessory and petitory jurisdiction. It may determine the title between different owners, and award possession temporarily or otherwise, to different owners. (Benedict's Admiralty, §§ 274–275–311), and cases cited. The United States Judiciary Act of 1789, confers upon the District Court of the United States, exclusive cognizance of all civil causes of admiralty, and maritime jurisdiction, saving to suitors in all cases the right of a common law remedy, where the common law is competent to give it. The district court had jurisdiction of the subject matter embraced in the libel. (*The Apollo*, 3 Hagg., 311.) And the jurisdiction for that subject matter, was necessarily exclusive. It was a possessory action *in rem* to secure the control of the vessel by the majority owners for the contemplated voyage, and it is not claimed that there was any common law remedy adequate to furnish relief. The stipulation was but an incident to that action, to be enforced according to the practice of that court. It stood in the place of the vessel. (*The Palymra*, 12 Wheaton, 1.)

In the case of the *Brig Alligator* (1 Gallison, 148), the court say : "Having jurisdiction of the principal cause, the court must possess jurisdiction over all the incidents, and may by monition, attachment, or execution, enforce its decree against all who become parties to the proceedings," and in another case the court say : "Following the nature of the original cause, the bond operates as a stipulation, and the court as a court of admiralty may rightfully award execution thereon." (*McLellan* v. *U. S.*, 1 Gall., 229; Dunlap's Adm. Pr., 163.)

It is an elementary principle that if a court has power over the principal matter, it has it also over the incidents. If it has power to begin, it has power to finish, although in its course it may be called upon to consider and decide matters which as original causes of action would not be within its cognizance. (Benedict's Adm., § 17.) The jurisdiction over the incidents of a litigation must be of the same character as that over the principle subject matter. If the one is exclusive,

the other must be, or rather the former may be regarded as a part of the original subject matter. It has been held that the United States Circuit Court having appellate admiralty jurisdiction, has no jurisdiction to enforce a bond given in admiralty, unless it has jurisdiction of the original cause in which the bond was given. (*The Hollen and Cargo*, 1 Mason's R., 435.)

The instrument sued upon is not strictly a bond but a stipulation in the admiralty proceeding, and can only be enforced according to the rules of the admiralty court. It is in the first place conditioned that if the vessel is returned, the stipulation shall be null and void, and the other condition is that if it is not returned the stipulators shall pay to the *minority owners* the sum of $15,000, being $\frac{30}{64}$ths of the appraised value of the vessel. It does not contain an agreement to pay the sheriff, the plaintiff's assignor, but the minority owners. That court may proceed summarily upon an order to show cause, and issue execution. The application would be necessarily made in that proceeding, and under the claim of the sheriff, the money would be paid into court, and the court would then determine whether the sheriff had succeeded to the rights of the minority owners. The money thus paid in, would represent the minority interest of the vessel, and would constitute the *res*, the title to which was in controversy. The allegations in the libel present the issue of the validity of the judgment, and the minority owner could intervene, and contest the right to the money. The manner of proceeding to enforce the stipulations is specifically provided for by the rules and practice of the court, and is entirely unlike the proceedings to enforce ordinary bail or appeal bonds, in common law courts. (Betts' Adm. Pr., 98.)

In the case of *The Baltic* (1 Blatch. & H., 149), BETTS, J., said: "The jurisdiction of the court over the parties and the subject matter, in bail stipulations, is fully established, and is exercised by awarding judgment and execution in a summary manner. This power is necessarily incident to the

court, in consequence of its jurisdiction over the principal cause."

We have not been referred to any authority where the jurisdiction of the State courts has been affirmed in such a case. The cases cited by appellant's counsel, are not applicable. *Dougan* v. *Champ. Transp. Co.* (56 N. Y., 1), was an action for damages in causing the death of plaintiff's intestate by negligence, which was saved by the judiciary act above referred to. It was a common law remedy, and the common law courts were competent to give it. The jurisdiction in such cases is concurrent. The same point was involved in *Baird* v. *Daly* (57 N. Y., 236). When the action is *in rem*, the jurisdiction is exclusive. (*Steamboat Co.* v. *Chase*, 16 Wall., 522–532), and if the original action is *in rem*, the incidents must be of the same nature.

We think also that the judgment was invalid. The recent case of *Pennoyer* v. *Neff* (5 Otto, 714), is an authoritative decision, that a valid judgment *in personam*, cannot be obtained against a non-resident of the State who is not personally served with process, and has not appeared in the action, and that it is not competent for a State to authorize such a judgment, which will bind property not within the State at the time, and not proceeded against *in rem* in satisfaction of the claim.

This court held in *Schwinger* v. *Hickok* (53 N. Y., 280), that our Code should not be construed so as to authorize such a judgment, and in *Bartlett* v. *McNeil* (60 N. Y., 53), this court held that the defendant could not be proceeded against under a provisional remedy upon this judgment, and the decision was based upon its invalidity. Upon this point we concur with the opinion of the General Term. It is urged that the recitals of the judgment and execution in the stipulation, are conclusive, but this is answered by the views before expressed upon the first point. The allegations of the libel expressly put in issue the validity of the judgment, and the stipulation being a part of that proceeding, it cannot be claimed that the validity of the judgment is conclusively, or

otherwise admitted by it. The whole must be construed together, and the recitals in the stipulation must be construed with reference to the allegations in the libel.

The judgment must be affirmed.

All concur, except HAND, J., of counsel not sitting.

Judgment affirmed.