CAPITAL CITY BANK *v.* PARENT *et al.*

(*Supreme Court, General Term, Fourth Department.* November, 1890.)

1. CREDITORS' BILL—WHEN LIES—ALTERNATIVE RELIEF.
     A creditors' bill cannot be based on a judgment recovered in an action wherein the only service was by publication, on the ground of non-residence, for, under Code Civil Proc. N. Y. § 707, such judgment, and the execution thereon, "can be enforced only against the property which has been levied on by virtue of the warrant of attachment;" whereas, under section 1871, it is a condition precedent to the maintenance of such bill that an execution against the property generally of the debtor shall have been returned unsatisfied.

2. SAME.
     Such action cannot be maintained on the theory that it is in aid of the attachment, where its object is to set aside as fraudulent the transfer of a draft by the debtor, while that attachment was levied, not on the draft, but on the deposit in bank with which the debtor had purchased such draft.

3. SAME.
     Nor can plaintiff stand as a simple creditor where it is shown that he had released the debtor absolutely, and such release has not been avoided.

4. SAME—FRAUD OF DEFENDANT.
     Plaintiff in such action, having elected to sue on the debt, is not entitled to relief, on the ground that the moneys which make up the debt, and which were obtained from him under false pretenses, are identical with the moneys used to purchase the draft.

Appeal from special term, Onondaga county.

Action by the Capital City Bank against Adolphus Parent and others. From a judgment for defendant Parent entered on the dismissal of the complaint at the trial, plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Goodelle & Nottingham*, for appellant. *Hiscock, Doheny & Hiscock*, for respondents.

MERWIN, J. This is an action in the nature of a creditors' bill. It is alleged in the complaint that the plaintiff on the 22d October, 1888, recovered in the supreme court a judgment against the defendant Charles C. Nelson, *alias* W. G. Lee, for the sum of $6,135.60, which was on that day docketed,

and the roll filed in the clerk's office of the county of New York; that on the 10th December, 1888, an execution against the property of Nelson was issued to the sheriff of the county of New York, Nelson not being a resident of the state, and returned wholly unsatisfied; that a transcript of the judgment was filed in Onondaga county, and an execution duly issued to the sheriff of that county, that being the county to which an attachment in the action had been issued, and returned wholly unsatisfied, all before the commencement of the present action; that on the 6th July, 1888, Nelson deposited with the defendant, the First National Bank of Syracuse, $5,000, and that bank issued to Nelson a draft for $5,000 on the defendant, the First National Bank of New York, payable to the order of W. G. Lee; that thereafter Nelson, with intent to defraud his creditors and the plaintiff, transferred this draft to the defendant Parent, without consideration, and with knowledge on the part of Parent of the fraudulent intent. Judgment is demanded that the transfer be set aside, and a receiver be appointed. One of the grounds upon which the complaint was dismissed, was that the plaintiff had no sufficient judgment and execution to enable it to maintain this action. The judgment of the plaintiff against Nelson is based upon a service of the summons by publication upon the ground of non-residence. There was no appearance by Nelson, or personal service, and he was in fact a non-resident. An attachment was obtained and delivered to the sheriff of Onondaga county, who, according to his return, levied upon "a deposit of five thousand dollars in the First National Bank of Syracuse, New York, by one representing himself to be W. G. Lee, for which was given in exchange by said bank a draft for the sum of five thousand dollars, payable to the order of W. G. Lee, drawn on the First National Bank of New York City." As to such a judgment, it is provided by section 707 of the Code of Civil Procedure that it "can be enforced only against the property which has been levied upon, by virtue of the warrant of attachment, at the time when the judgment is entered." The execution is limited in the same way. Code, § 1370. A similar doctrine was held under the former Code. *McKinney* v. *Collins*, 88 N. Y. 216. The judgment is substantially a judgment *in rem*. *Bartlett* v. *Spicer*, 75 N. Y. 534; *Bank* v. *Bliss*, 89 N. Y. 338. It follows, therefore, that an execution against the property generally of the debtor, such as is required by section 1871 of the Code, as a condition precedent to the right of a judgment creditor to maintain an action of this kind, could not be issued. The rule in chancery was the same. *Thomas* v. *Bank*, 9 Paige, 216; *Corey* v. *Cornelius*, 1 Barb. Ch. 571.

This action cannot be maintained on the theory that it is in aid of the attachment. The complaint is not on that basis. No levy is alleged. Besides, it appears that no property of the debtor was in fact levied on. The deposit, referred to in the return of the sheriff, was not to the credit of the debtor. He purchased of the bank a draft on New York, and paid for it with the money called a "deposit." The draft was delivered to the debtor, and the money became the property of the bank. The bank then became liable not for the money, but upon the draft, in case, upon proper presentment, it was not paid, and due notice given. It was conceded at the trial that the draft was not levied on. It was taken by Nelson to Canada, and, afterwards, with the assent of plaintiff, transferred to the defendant Parent, in order to enable Nelson to raise means to complete a compromise of the claim of plaintiff.

The plaintiff claims it can obtain relief in this action without reference to its judgment, and cites the case of *McCartney* v. *Bostwick*, 32 N. Y. 53. That was an action by a creditor to obtain payment of his debt from lands, the consideration of which was paid by the debtor, but the deed given to another. 4 Rev. St. (8th Ed.) p. 2437, §§ 51, 52. The creditor had, by judgment and execution in the state of Minnesota, where the debtor resided, exhausted there his legal remedy. This was held to be sufficient for the purposes of the action to enforce the statutory trust. It may be doubted whether that is now

the law. *Bank* v. *Olcutt*, 46 N. Y. 12; *Allyn* v. *Thurston*, 53 N. Y. ·622; *Estes* v. *Wilcox*, 67 N. Y. 264. Be that as it may, the *McCartney Case* does not apply here, as there has not been anywhere any judgment against Nelson, except the one alleged in the complaint. If the plaintiff seeks to stand as a simple creditor, then it is met with the evidence, and the findings of the court thereon, to the effect that in July, 1888, the plaintiff settled and ·compromised with Nelson, and released him absolutely from its debt. The plaintiff sought to repudiate this release, by reason of delay in the payment of a portion of the money, but the evidence sustains the conclusion of the court ·that the plaintiff had no good ground to repudiate the settlement.

The plaintiff further suggests that it is entitled here to relief because the ·moneys which Nelson obtained of it by false pretenses, and which make up the amount of its debt, were identical with the moneys used by Nelson to purchase the draft. The facts to sustain that position are not alleged in the complaint, or found by the court. The plaintiff elected to sue for the debt, and brought this action on that basis. Its release, too, would be in the way. The court below found upon sufficient evidence that there was no fraud in the transfer by Nelson to Parent of the draft in question; that Parent, in reliance upon the agreement of settlement between the plaintiff and Nelson, and for the purpose of furnishing Nelson part of the money with which to ·carry out the same, and at the procurement and solicitation of the plaintiff, and upon its representation that it was proper and safe for him so to do, pur·chased the draft, and paid therefor $3,825.85. There is evidence tending to ·show that, as between Parent and Nelson, the balance of the draft is still due Nelson, less some expenses of Parent. And if the plaintiff's judgment, sub·sequently recovered, had been obtained upon personal service, so that it would have been a good basis for a creditors' bill, and its consideration could ·not have been here inquired into, it may be that then the balance due from Parent to Nelson might have been reached. That, however, need not be here ·considered. As the case stands, we think that the complaint was properly ·dismissed. Judgment affirmed, with costs. All concur.