THE IMPORTERS AND TRADERS' NATIONAL BANK OF NEW YORK, Respondent, *v.* CEBRA QUACKENBUSH, Impleaded, etc., Appellant.

SAME, Respondent, *v.* SAME, Appellant.

Under the provisions of the Code of Civil Procedure (§ 2435) authorizing a judgment creditor to institute proceedings supplementary to execution " at any time within ten years after the return wholly or partly unsatisfied of an execution against property," an execution which is effective to exhaust the remedy at law is intended; and so, it is not enough that forms are observed by the return of an execution which is not effective to reach all of the debtor's property, and the right does not arise unless at the time of issuing the execution the creditor had a judgment which was a lien on the debtor's real estate and chattels real, so that the execution could reach them as well as his personal property.

Where, therefore, a judgment was recovered in January, 1879, and execution was issued thereon in March, 1894, and upon return thereof unsatisfied an order was issued requiring defendant to appear and answer in supplementary proceedings, *held*, that a motion to vacate the order was improperly denied; that as under said Code (§ 1251) the lien of the judgment upon defendant's real estate and chattels real ceased after ten years, the execution was not effective to reach all the debtor's property so as to exhaust the legal remedy, and, as no steps had been taken to re-establish the lien, the proceedings were improperly instituted.

A prior execution had been issued upon the judgment immediately after its rendition, which was returned unsatisfied. *Held*, that the right to maintain supplementary proceedings then accrued and became barred after the lapse of ten years, in the absence of some new proceedings to revive it, to which the debtor was a party.

(Argued October 22, 1894; decided November 27, 1894.)

Appeals from orders of the General Term of the Supreme Court in the third judicial department, made July 14, 1894, which affirmed an order of Special Term in each of the above-entitled actions vacating a stay of proceedings and denying a motion by this appellant to set aside an execution issued therein and orders for his examination in supplementary proceedings.

The facts, so far as material, are stated in the opinion.

*Abraham Lansing* for appellant. At the time of the granting of the orders in question more than fifteen years had elapsed since the filing of the judgment rolls; and, as more than five years before the orders were granted, the judgments had ceased to be liens upon real estate and chattels real; and, as none of the steps available to the plaintiff had been taken to re-establish the liens of the judgments upon that class of the debtor's property, the orders were unauthorized and should be set aside. (*Lynch* v. *Johnson*, 48 N. Y. 27, 33 ; *Barnes* v. *Morgan*, 3 Hun, 703, 705 ; *Storm* v. *Waddell*, 2 Sandf. Ch. 494; 3 Rumsey Pr. 308; *Crippen* v. *Hudson*, 13 N. Y. 161; *Dunlevy* v. *Talmadge*, 32 id. 460 ; *Field* v. *Hunt*, 22 How. Pr. 332, 333 ; *Millard* v. *Shaw*, 4 id. 138 ; *Child* v. *Brace*, 4 Paige, 309, 310, 311, 315; *Geery* v. *Geery*, 63 N. Y. 256 ; *Adsit* v. *Butler*, 87 id. 588; *O. Bank* v. *Olcott*, 46 id. 12 ; *Kitchen* v. *Lowery*, 127 id. 53, 60; *Burton* v. *Rathbone*, 126 id. 187 ; *Spelman* v. *Freedman*, 130 id. 425 ; *Wing* v. *De La Rionda*, 125 id. 680 ; *Carpenter* v. *Stillwell*, 11 id. 61; *Adee* v. *Bigler*, 81 id. 349 ; *G. Bank* v. *Mead*, 92 id. 637 ; Story's Eq. Juris. §§ 1480, 1481 ; *Sollory* v. *Leaver*, L. R. [9 Eq. Cas.] 22 ; *Cory* v. *Long*, 12 Abb. Pr. [N. S.] 434 ; *O. Asylum* v. *McCartee*, Hopk. Ch. 435 ; *People* v. *U. Ins. Co.*, 15 Johns. 358, 380 ; *Jackson* v. *Collins*, 3 Cow. 89, 96 ; *L. S., etc., R. R. Co.* v. *Roach*, 80 N. Y. 344 ; *Smith* v. *People*, 47 id. 330 ; *Tracy* v. *T., etc., R. R. Co.*, 38 id. 433, 437; *Holmes* v. *Carley*, 31 id. 289, 290 ; *People* v. *N. Y.*, 95 id. 554, 558, 559 ; *People* v. *Lacomb*, 99 id. 43, 49 ; *Spears* v. *Mayor, etc.*, 72 id. 442, 444;

*Anonymous*, 32 Barb. 201, 202; *Davidson* v. *Horn*, 47 Hun, 51, 53; *Bucklin* v. *Ford*, 5 Barb. 393, 394, 395; *McQueen* v. *Babcock*, 3 Abb. Ap. C. 129; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 130, 146; *Bank of Kinderhook* v. *Gifford*, 4 Barb. 659; *Green* v. *Johnson*, 3 Gill & Johns. 394; *Fisher* v. *Harden*, 1 Paine C. C. 55, 61; *Bell* v. *Morrison*, 1 Pet. 356, 360; Angell on Lim. 9, 23, 194, 479.)

*Robert W. Townsend* for respondent. The execution to Rensselaer county, issued in January, 1879, was sufficient. (Code Civ. Pro. §§ 2425, 2458; *Wade* v. *De Leyer*, 8 J. & S. 541; 63 N. Y. 318.) Leave to issue would certainly have been granted on the facts as they appear, there being no pretense that the judgment is paid in whole or in part. (*Kincaid* v. *Richardson*, 9 Abb. [N. C.] 315; 25 Hun, 237; *Nichol* v. *Kilsey*, 13 Civ. Pro. Rep. 154.) In such a case it is within the court's discretion to refuse to set aside the execution. (*Frean* v. *Garrett*, 24 Hun, 161; *Bank of Genesee* v. *Spencer*, 18 N. Y. 150.) The right to institute supplementary proceedings has not expired by the ten years' limitation. (*Levy* v. *Kirby*, 19 J. & S. 69; *M.*, etc., *Co.* v. *Hudson*, 1 How. Pr. [N. S.] 517.)

O'Brien, J. The plaintiff, on the 27th of March, 1894, obtained from a justice of the Supreme Court two orders requiring the defendant to appear before a referee named and be examined in proceedings supplementary to execution as to his property. The proceedings were based upon two judgments recovered by the plaintiff against the defendant and others on the 22d day of January, 1879, the judgment roll in each case having been filed on that day. Execution was issued upon these judgments immediately thereafter and returned unsatisfied. In March, 1894, new executions were issued upon these judgments and returned unsatisfied as a step preliminary to these proceedings. The defendant moved at Special Term to vacate the orders, but the motion was denied and these orders have been affirmed on appeal. About

the time of docketing these judgments other creditors also
obtained judgments, upon some of which proceedings of this
character were instituted and examinations had, but no
property was discovered.

This appeal presents the question whether a judgment
creditor is entitled to maintain proceedings supplementary to
execution fifteen years after the docketing of his judgments,
and after they had ceased to be a lien upon real estate and
chattels real. It may be safely asserted that every remedy
which a creditor has by law for the enforcement of the debt
becomes barred by the lapse of some definite period of time,
and when barred it cannot be revived at his mere will and
pleasure without some new proceeding for that purpose of
which the debtor has notice. The judgment itself is barred
after the lapse of twenty years, and it is reasonable to sup-
pose that at some time within that period the debtor is
relieved by the lapse of time from proceedings of this
character. There ought to be some limitation, and one of
the questions here is what that limitation is. By section 2435
of the Code of Civil Procedure the creditor is entitled to
institute these proceedings by obtaining an order for the
examination of the debtor at any time within ten years after
the return of an execution unsatisfied; therefore, the rights of
the plaintiff to maintain these proceedings upon the judg-
ments accrued to him as early as the year 1879; and the ten
years expired in 1889. The decisions of the courts below are
to the effect, however, that the plaintiff can revive the right
at its own pleasure and extend the period indefinitely by simply
issuing new executions from time to time, and thus setting
the ten years running from the date of the return of the last
execution. This conclusion is deduced from a literal reading
of the statute which authorizes the order at any time after the
return of *an execution* unsatisfied, and if followed to its logical
result would permit the plaintiff to institute the proceedings
after twenty years when the judgment itself had become
barred. We think that when the statute gave the creditor ten
years from the date of the return of an execution to obtain

the order that this period was intended as a limitation. ˙The right accrued after the return of the first execution and became barred after ˙the lapse of ten years in the absence of some new proceeding to revive it to which the debtor is a party by notice or otherwise. It seems to me that this proposition is sustained by authority. (*Conyngham* v. *Duffy,* 125 N. Y. 200; *Baumler* v. *Ackerman,* 63 Hun, 40.) It is unnecessary to determine the meaning or application of section 1252 of the Code with respect to proceedings of this character, as it is obvious that the plaintiff did not comply with it or proceed under it. The plaintiff may, however, revive his right by a suit upon the judgment, which he may prosecute with the permission of the court, and having obtained a new judgment he is in the same position that he was before the ten years began to run. (Code, § 1913, sub. 2.) But the plaintiff was not entitled to this remedy for another reason, and that is that, under the circumstances of the case, it did not and could not comply with conditions which courts of equity have always held to be indispensable in order to maintain these proceedings. Proceedings supplementary to execution are remedies in equity for the collection of the creditor's judgment, and were intended as a substitute for the creditor's bill, as formerly used in chancery. (*Lynch* v. *Johnson,* 48 N. Y. 27; *Barnes* v. *Morgan,* 3 Hun, 703; *Storm* v. *Waddell,* 2 Sand. Ch. 494.) In such cases it was the settled rule that unless the creditor had exhausted all his remedies at law, or in case he was not in a position to avail himself of all the ordinary remedies which courts of law gave for the enforcement of judgments, the bill in equity could not be maintained and would be dismissed. The creditor must pursue his remedy at law to every available extent before he can resort to equity for relief. (*Dix* v. *Briggs,* 9 Paige, 595; *Crippen* v. *Hudson,* 13 N. Y. 161; *Dunlevy* v. *Tallmadge,* 32 id. 460; *Child* v. *Brace,* 4 Paige, 309; *Geery* v. *Geery,* 63 N. Y. 256; *Adsit* v. *Bulter,* 87 id. 588; *Ocean Bank* v. *Olcott,* 46 id. 12.)

The same rule applies to proceedings supplementary to

execution, and it is not enough that forms are observed by the return of an execution which is not effective to reach all of the debtor's property. (*Austin* v. *Figueira*, 7 Paige, 58.) Accordingly it has been held that the proceedings cannot be had upon a foreign judgment, a judgment rendered by a court of the United States or upon judgments *in rem* where personal service was not made since they do not bind all the debtor's property. (*Rocky Mountain National Bank* v. *Bliss*, 89 N. Y. 338; *Thomas* v. *Merchants' Bank*, 9 Paige, 216.) If the creditor's judgment, by reason of the lapse of time, has ceased to be a lien upon the realty of the debtor, his remedy at law cannot be exhausted, and, therefore, he must, by some proper proceeding, reinstate the lien, otherwise the issue and return of an execution would become an idle and unmeaning ceremony. (*Carpenter* v. *Stilwell*, 11 N. Y. 61–71.)

Under section 1251 of the Code the lien of the plaintiff's judgments upon the real estate and chattels real of the defendant ceased after ten years, and, hence, when the last executions were issued in 1894 they were not and could not be effective to reach all the debtor's property or to exhaust the legal remedy. The return on these executions is no evidence that the defendant did not have at that time abundant real estate, subject to sale upon execution, with which to satisfy the judgments.

The court is authorized in these proceedings by section 2468 of the Code to appoint a receiver of all the debtor's property, and it is provided that when the receiver qualifies he shall become vested with the title to the debtor's real property upon filing the order appointing him or a certified copy thereof in the county where the real estate is situated. But this provision cannot refer to real estate which is not bound by the lien of any judgment, or against which no execution has been issued upon which it could be sold. As to real estate so situated, the creditor does not need a receiver or any other equitable relief. A court of equity will never appoint a receiver for the purpose of doing for the creditor what he may do for himself. (*Sollory* v. *Leaver*, L. R. [9 Eq. C.] 22; *Corey* v.

*Long,* 12 Abb. Pr. [N. S.] 434; *Orphan Asylum* v. *McCartee,* Hop. Ch. 435.)

When the various provisions of the Code authorizing these proceedings are examined and considered as a general scheme to take the place of the former bill in chancery, the conclusion is reasonable that they are all based upon the assumption that at the time of issuing the execution the creditor had a judgment which was a lien on the debtor's real estate and chattels real which would make the return effective to exhaust all remedies at law. They were not framed to meet a case like this, where at best the execution could reach only personal property. While the statute in terms permits the creditor to apply for the order within ten years from the return of an execution upon the judgment unsatisfied, yet it must mean, according to every fair analogy, an execution which is effective to exhaust the remedy at law, and, therefore, must refer to a judgment which is a lien upon real estate.

If this view is correct it follows that the orders appealed from should be reversed, and the orders requiring the defendant to appear for examination before the referee should be vacated, with one bill of costs to the defendant in all courts.

All concur, except PECKHAM, J., not sitting.

Ordered accordingly.