(73 Misc. Rep. 391.)

### DRAKE v. BARRY.

(Supreme Court, Special Term, Steuben County. September 26, 1911.)

LIMITATION OF ACTIONS (§ 39*)—SUPPLEMENTARY PROCEEDINGS—LIMITATIONS—"ACTION."

Code Civ. Proc. § 2435, provides that, at any time within 10 years after the return unsatisfied of an execution, the creditor can require the debtor to be examined. Section 2441 provides that upon proof of execution returned unsatisfied, and that any person has property, etc., of the judgment debtor, the judgment creditor may have an order requiring such person to be examined concerning the property or debt. Section 388, contained in the chapter prescribing limitations, requires an action, the limitation of which is not specifically prescribed, to be commenced within 10 years after it accrues, and section 414, subd. 4, contained in the chapter on Limitations, requires the word "action" to be construed, when necessary, so as to include a special proceeding. *Held*, that an order for the examination of a third party in supplementary proceedings could not be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

obtained .after 10 years from the return of the execution unsatisfied, the 10-year limitation applying to a special proceeding under section 2441, though that section contains no express limitation, as does section 2435, there having been no proceeding to revive the creditor's rights by bringing suit on the judgment and procuring a new one.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 39.*

For other definitions, see Words and Phrases, vol. 1, pp. 128–140; vol. 8, p. 7563.]

In the matter of proceedings supplementary to execution in the case of James A. Drake against Charles Barry. On motion by the judgment debtor to vacate a third party order. Motion granted.

Leslie W. Wellington, for the motion.

Fay H. White, opposed.

CLARK, J. This is a motion to vacate a third party order in supplementary proceedings. The judgment was recovered in this action in July, 1898. Execution was issued thereon and returned unsatisfied in October, 1898. The matter remained perfectly dormant until August, 1911, considerably more than 12 years after the first execution was returned, when another execution was issued and was returned unsatisfied August 10, 1911, whereupon the judgment creditor procured the order to examine the committee of the person and property of Charles Barry, the judgment debtor, and it is that order which it is sought to have vacated here.

The right to institute supplementary proceedings accrued when the first execution was returned unsatisfied in October, 1898. It goes without saying that there must be some limit somewhere to the right of a judgment creditor to institute supplementary proceedings, and the statute has placed it at 10 years after the return of the execution. Code of Civil Procedure, § 2435. A new order cannot be obtained after the expiration of that period, unless the debtor is made a party to a new proceeding to revive the judgment and has due notice. of the application. Importers' & Traders' National Bank v. Quackenbush, 143 N. Y. 567, 38 N. E. 728.

The learned counsel for the judgment creditor urges that this order was obtained under the authority of section 2441 of the Code of Civil Procedure, which does not limit the time within which it could be obtained. It is true that that section does not, in terms, limit the time within which supplementary proceedings can be instituted; but it is a special proceeding, and must be governed by section 388 of the Code of Civil Procedure. The 10-year rule applies, and the word "action," as used in section 388, supra, includes special proceedings such as this. Code of Civil Procedure, § 414, subd. 4; Riddell-Bullard on Supplementary Proceedings, 79; Peck v. Disken, 41 Misc. Rep. 473, 84 N. Y. Supp. 1094.

Concededly the second execution was issued more than 10 years after the first one had been returned unsatisfied, and, there having been no proceedings to revive the creditor's rights by bringing suit on the judgment and procuring a new one, I think the present proceeding was barred, and the order should be vacated.

Motion granted, with $10 costs.