PRESS PUB. CO. v. McGILL.

(Supreme Court, Special Term, Kings County. July 5, 1912.)

EXECUTION (§ 372*)—SUPPLEMENTARY PROCEEDINGS—STATUTORY PROVISIONS.

An order for the examination of a judgment debtor in aid of an out-standing execution, under Code Civ. Proc. § 2436, may be granted more than 10 years after the return of a prior execution unsatisfied; that section not providing, as does section 2435, relative to such an order after the return of execution, that it can be granted only within 10 years after the return of an execution, and such examination not con-stituting a substitute for a creditors' bill, requiring the exhaustion of all other legal remedies, as does a proceeding under section 2435, espe-cially in view of section 1377, authorizing a second execution at any time during the life of the judgment, where one was issued and returned unsatisfied within 5 years after judgment.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1099; Dec. Dig. § 372.*]

Proceedings supplementary to execution by the Press Publishing Company, as judgment creditor, against Walter J. McGill, as judg-ment debtor. On motion to vacate an order for the examination of the judgment debtor. Motion denied.

Clark A. Wick, of New York City, for judgment creditor.

BLACKMAR, J. This judgment was recovered on March 27, 1899. An execution was issued upon it on the 13th day of April, 1899, and returned unsatisfied. Ten years thereafter, on June 22, 1912, another execution was issued, and is now outstanding. On June 26, 1912, the judgment creditor obtained an order for the ex-amination of the judgment debtor in aid of such execution.

The facts in this case are similar to those in Importers' & Traders' National Bank v. Quackenbush, 143 N. Y. 567, 38·N. E. 728, ex-cept that in that case the order for the examination was issued after the return of the execution unsatisfied, pursuant to section 2435. In this case the order is issued in aid of execution and before its return unsatisfied, under section 2436. In the case cited the Court of Appeals held that 10 years after the return of an execution unsatisfied, within which the order in supplementary proceedings could be obtained, is the period of limitation, and that after the expiration of 10 years the right was gone, and could not be recovered, by the issuance of an execution. The court in that case further held that an execution issued more than 10 years after the docketing of the judgment did not bind the real property of the judgment debtor and that, as pro-ceedings supplementary to execution were the substitute for the creditors' bill, they could be maintained only after the legal remedies of the judgment debtor had been exhausted, and that an execution issued after 10 years did not exhaust the legal remedies, and that therefore the proceedings could be maintained.

In my opinion, the case cited does not control the case at bar. This order was obtained under section 2436 of the Code, and there is no period of limitation therein. The only condition is that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order must be obtained before the return of the execution. The opinion of the Court of Appeals in the Importers' & Traders' Case, in so far as it was based upon the order of limitation, is not applicable, because the 10-year limitation does not apply to orders issued in aid of an execution. Neither does the opinion of the Court of Appeals in that case, so far as it decides that an order supplementary to execution could not be obtained after the issuance and return of an execution, which did exhaust the legal remedies against the judgment debtor's property, apply to this case. An order in supplementary proceedings is substituted for a creditors' bill, but, an order in aid of an execution is not. Such an order can be obtained before the remedies of the judgment creditor at law are exhausted. In fact, the very object of it is to make effective the legal remedy of execution. I hold, therefore, that the decision in the Importers' & Traders' Case does not control the case at bar. The execution is legally issued. When a prior execution has been issued and returned unsatisfied, another can be issued at any time during the life of the judgment. Section 1377 of the Code. If an execution can be legally issued, I know of no reason why the statutory aid to an execution cannot be invoked, and among them the right of the judgment creditor to examine the judgment debtor for the purpose of enforcing the execution.

The motion to vacate the order is denied, with $10 costs. Further proceedings are adjourned to July 11, 1912, at the same hour and place, and the judgment debtor is ordered to appear and submit to an examination.