R. F. STEVENS CO. v. MAUS.

(Supreme Court, Appellate Division, Second Department.   February 14, 1913.)

EXECUTION (§ 372*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR PRIOR TO RETURN.

Code Civ. Proc. § 2436, provides that at any time after the issuing and before the return of an execution the judgment creditor, on written evidence that .the judgment debtor has property which he unjustly refused to apply toward the judgment, is entitled to an order requiring the debtor to be examined concerning his property. *Held*, that an order for the examination of a judgment debtor under such section is auxiliary and not supplementary to the execution, and that the remedy provided thereby is not barred by the lapse of 10 years from the date of the return of an execution on the judgment, where another execution had been issued on which no return was made.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1099; Dec. Dig. § 372.*]

Appeal from Special Term, Kings County.

Action by the R. F. Stevens Company against Henry Maus. From an order denying defendant's motion to vacate an order for his examination before the return of execution, under Code Civ. Proc. § 2436, he appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Frederick E. Fishel, of New York City, for appellant.

J. T. Cruser, of Brooklyn, for respondent.

JENKS, P. J. The judgment debtor appeals from an order of the Special Term that denies his motion to vacate an order for his examination made pursuant to section 2436 of the Code of Civil Procedure. The judgment was entered September 20, 1893, and an execution issued forthwith was returned partly satisfied on October 3, 1893. A further execution was issued on November 20, 1912, and was outstanding on November 23, 1912, when the order under the said section was made.

The sole ground taken for vacation was that the right thereto was and is barred by section 2435 of the Code of Civil Procedure. We are cited to I. & T. N. Bank v. Quackenbush, 143 N. Y. 567, 38 N. E. 728. That case determined that an order authorized by section 2435 became barred after the lapse of 10 years from the date of the return of an execution, but in no way dealt directly with section 2436. But the contention of the appellant is that the reasoning of the opinion is applicable to the latter section. The Court of Appeals placed its decision upon two grounds. The first ground is that, as the judgment was barred after the lapse of 20 years, it was reasonable to suppose that at some time within that period the debtor was relieved from proceedings of the character in question, and that such limitation was determined by the statute itself to be 10 years, inasmuch as the statute prescribed that at any time within 10 years after the return of an execution the judgment creditor was entitled to the order. There is no analogy beween the statute then considered by the Court of Appeals and the statute now under consideration, save that both are in aid of the judgment creditor. Section 2435 provides a remedy after a returned execution, and consequently arises upon the whole or partial failure of the execution. Section 2436 provides a remedy in furtherance of an outstanding execution. There is no express limitation in section 2436 like unto that of the 10 years in section 2435, save that the period of issuance is confined to any time after the issuing of execution and before the return thereof. If the general principle enunciated by the Court of Appeals in I. & T. N. Bank v. Quackenbush, supra, that every such remedy must be "barred by the lapse of some definite period of time" must be applied to this remedy, then such principle is substantially satisfied by this provision last mentioned.

The second ground in I. & T. N. Bank v. Quackenbush, supra, is that proceedings supplementary to execution are remedies in equity substitutive for the creditors' bill of chancery; that the rule that such bill could not be maintained unless the creditor had exhausted all his remedies at law or was in such a position as to make such remedies unavailable, applied to an order made under section 2435; and that, therefore, if the creditor's judgment had ceased by lapse of time to be a lien, his remedy at law could not be exhausted, and he must by some proper proceeding reinstate the lien, for otherwise the issue and return of the execution would be an idle ceremony. But I think that an order made under section 2436 is not in its nature a substitute for the

former creditors' bill. For the right to bring such a bill, aside from statutory provisions, rests upon a judgment, and in "a creditors' suit, strictly so called, * * * where the creditor seeks to satisfy his judgment out of the equitable assets of the debtor which cannot be reached on execution," generally the creditor must have an execution returned unsatisfied. Pomeroy's Equitable Remedies, §§ 882, 887. As the order under section 2436 must be made while the execution is outstanding, it is auxiliary, not supplementary, to the execution, and until the return of that execution it cannot be known that the remedy at law has been exhausted. The order was issuable while an execution could be issued, and in this case there is no question as to the regularity of the execution. Section 1377 of the Code of Civil Procedure.

The question presented by this appeal was decided correctly at Special Term in Press Pub. Co. v. McGill, 136 N. Y. Supp. 177. The order must be affirmed, with $10 costs and disbursements. All concur.