In the Matter of Supplementary Proceedings: MORTON H. MEINHARD, as Trustee of the Estate of HENRY MEINHARD, and Another, as Executors, etc., of ISAAC MEINHARD, Judgment Creditors, *v.* JACOB MILLSTEIN, Judgment Debtor.

City Court of New York, Special Term, Bronx County, May 18, 1936.

*George Lion Cohen*, for the judgment creditors.

*William Horween*, for the judgment debtor.

ADLERMAN, J. A proceeding has now been instituted in "Proceedings Supplementary to Judgment" upon a judgment obtained in the Municipal Court on March 10, 1922. Motion was made to vacate the proceedings upon the ground that the judgment was barred by the Statute of Limitations. The motion was granted

and the judgment creditor moves for reargument, contending that since the enactment of sections 773–810 of the Civil Practice Act (added by Laws of 1935, chap. 630) the statute covering examinations in supplementary proceedings is now entitled " Proceedings Supplementary to Judgment " as distinguished from the old title, " Proceedings Supplementary to Execution," and that one is no longer dependent on the other. Section 773 of the new act provides that a proceeding may be maintained until such judgment is satisfied, vacated or barred by the Statute of Limitations.

Such proceedings may be maintained without first issuing an execution against the property of the judgment debtor.

Section 53 of the Civil Practice Act provides that an action, the limitation of which is not specifically prescribed, must be commenced within ten years after the cause of action accrues. This section is the general statement adopted in the Civil Practice Act as a precautionary measure to cover cases inadvertently omitted or not otherwise provided for. (*Galway* v. *Metropolitan Elevated Railway Co.*, 128 N. Y. 132.)

It applies to any and every form of equitable action. (*Gilmore* v. *Ham*, 142 N. Y. 1.)

Proceedings supplementary to execution have been held to be remedies in equity for the collection of the creditor's judgment, and were intended as a substitute for the creditor's bill as formerly used in Chancery. (*Importers & Traders' National Bank of New York* v. *Quackenbush*, 143 N. Y. 567.) This application of the limit prescribed by section 53 to supplementary proceedings has been recognized by the Court of Appeals in *Conyngham* v. *Duffy* (125 N. Y. 200). (See, also, 6 Wait Prac. 156.)

The great weight of authority supports the proposition that supplementary proceedings cannot be maintained unless the judgment upon which they are based is a lien upon real property. (*Mason* v. *Hackett*, 35 Hun, 238; *Mede* v. *Meyer*, 55 Misc. 621; *Andrews* v. *Mastin*, 22 id. 263; *Milan* v. *Kerlansky*, 87 id. 15.) In *Importers & Traders' Nat. Bank of New York* v. *Quackenbush* (143 N. Y. 567) the court said: " This appeal presents the question whether a judgment creditor is entitled to maintain proceedings supplementary to execution fifteen years after the docketing of his judgment and after they had ceased to be a lien upon real estate and chattels real. It may safely be asserted that every remedy which a creditor has by law for the enforcement of the debt becomes barred by the lapse of some definite period of time, and when barred it cannot be revived at his mere will and pleasure without some new proceeding for that purpose of which the debtor has notice. The judgment itself is barred after the lapse of twenty years, and it is

reasonable to suppose that at some time within that period, the debtor is relieved by the lapse of time from proceedings of this character. There ought to be some limitation and one of the questions here is what that limitation is."

In *Matter of Drake* v. *Barry* (73 Misc. 391) the court held that where no proceedings were brought to revive the creditor's right after ten years by bringing suit on the judgment and procuring a new one the said supplementary proceedings were barred.

It is my opinion that the judgment creditor should sue upon the judgment and reinstate the lien to make this proceeding available.

Motion for reargument granted, and upon such reargument original decision adhered to.