## HENRY V. VULTE *v.* JAMES P. WHITEHEAD, JR.

Supplementary proceedings cannot be instituted upon a judgment recovered in a justice's or district court for an amount less than $25, exclusive of costs.

On such a judgment an execution can issue only against the personal property of the debtor.

Such proceedings are only allowed upon the return of an execution unsatisfied in whole or in part, issued to a sheriff, against the real and personal property of the debtor.

The case of *Candee* v. *Gundelsheimer* (17 How. P. R. 434) disapproved.

AT CHAMBERS, *June* 14, 1860.

Motion to set aside an order for the examination of a judgment debtor in proceedings supplementary to execution. It appeared that the plaintiff commenced an action against the defendant in a district court, and judgment was rendered in favor of the defendant for $10.75 costs. A transcript having been filed in the office of the county clerk, an execution was issued out of this court to the sheriff of the county, and returned unsatisfied. On an affidavit stating these facts an order was granted, requiring the plaintiff to appear and be examined concerning his property. The plaintiff moved to set aside the order, and all proceedings thereon,

*Henry V. Vulte*, in person, for the motion.

*E. R. Bogardus*, opposed, cited *Candee* v. *Gundelsheimer*, 17 How. P. R. 434.

Vulte v. Whitehead.

HILTON, J.—Supplementary proceedings·can only be instituted upon a justice's or district court judgment when it exceeds in amount $25, exclusive of costs, and a transcript thereof has been filed in the office of the clerk of the county in which an execution against the real and personal property of the defendant has been issued to the sheriff, and returned by him unsatisfied in whole or in part, (Code, §§ 292, 464); and the execution must have been in the form prescribed by § 289, sub. 1.

When the judgment is for a less sum, § 63 permits a transcript to be filed with the clerk of the county in the same manner, and from the time of such filing the judgment becomes a judgment of the county court, except that it is not a lien upon, and cannot be enforced against, real property; and therefore, as no execution thereon can be issued in the form prescribed by § 289, sub. 1, nor of the kind referred to in § 292, proceedings supplementary cannot be instituted upon it.

Section 48 of the District Court Act (Laws of 1857, p. 707,) makes these provisions of the Code applicable to the judgments of those courts.

In the present case the judgment was recovered against the plaintiff for $10.75 costs in a district court in this city, and although the affidavit, upon which the order for his examination was granted, states that a transcript of the judgment was filed with the county clerk, and an execution against his property has been issued to and returned by the sheriff of this county unsatisfied, yet it must be assumed that the execution was only against the personal property of the plaintiff, as none other could properly be issued upon the judgment recovered.

As I have already remarked, the return of such an execution unsatisfied cannot be the basis of supplementary proceedings under § 292, and the proceedings instituted in this case must therefore be dismissed.

The case of *Candee* v. *Gundelsheimer*, (17 How. P. R. 434), relied on to sustain the order, certainly goes to the extent of holding that such proceedings may be had in all cases where a transcript of a justice's judgment for any amount has been filed

with the county clerk, and an execution has been issued thereon to the sheriff and returned unsatisfied in whole or in part; but upon examination it will be seen that the judge, in making that decision, has failed to notice the distinction to which I have alluded respecting the kind of execution which may be issued upon a justice's judgment for less than $25, exclusive of costs, and the fact that the execution referred to in § 292, and the return of which unsatisfied forms the basis of supplementary proceedings, must be against property generally, and in the form prescribed by § 289.

Proceedings dismissed.