Davis agt. Herrig.

## SUPREME COURT.

ELIZABETH DAVIS agt. PHILIP HERRIG and others.

*Supplementary proceedings — Judgment for costs only — When order to examine debtor of judgment debtor will be granted — Code of Civil Procedure, sections 2441, 2458.*

Proceedings supplementary to an execution may be taken upon a judgment for *costs only*, rendered against a plaintiff. Appearance is predicable of every party to an action who submits himself to the jurisdiction of the court, whether plaintiff or defendant, and plaintiff's appearance in the action is complete when a summons in proper form, signed by himself or his attorney, has been served upon the defendant.

An affidavit which states that H. was indebted to the judgment debtor in a sum exceeding ten dollars, to wit, $100, is sufficient to give the judge jurisdiction to grant an order to examine a person having property of a judgment debtor. A man is indebted equally whether his debt is due or to become due.

*Syracuse Special Term, June, 1883.*

MOTION to vacate order for examination of person indebted to judgment debtor.

*E. J. Richardson,* for motion.

*J. S. Baker,* opposed.

CHURCHILL, *J.*— February 5, 1883, the defendant, John E. Jones, recovered judgment against the plaintiff for $127.47 for costs. Execution against the property of the plaintiff was issued June 6, 1883, which yet remains in the hands of the sheriff unsatisfied. Upon an affidavit of the judgment creditors that one Joseph Hofert was indebted to the plaintiff " in a sum exceeding ten dollars for rent, to wit, in the sum of $100," the special county judge of Oneida county granted an order, under section 2441 of the Code of Civil Procedure, for the examination of Joseph Hofert. The motion to vacate this order is made upon two grounds.

· *First.* That appearance is predicable only of a defendant,

Davis agt. Herrig.

and that therefore, under section 2458 of the Code, proceedings supplementary to an execution cannot be taken upon a judgment for *costs only*, rendered against a plaintiff.

*Second.* That the affidavit of the judgment creditors showed that nothing was actually due from Hofert to the plaintiff, but only that something would become due at a future day.

The first ground of the motion is untenable. Appearance is predicable of every party to an action who submits himself to the jurisdiction of the court, whether plaintiff or defendant. The plaintiff does this by commencing his action ; the defendant, by voluntarily submitting himself to the jurisdiction of the court after the action is commenced. Formerly such appearance, both by the plaintiff and defendant, was made in proper person ; afterwards by attorney (3 *Blackstone*, 25 ; 12 *Howard*, 176, 182). Under the Code of Civil Procedure (*sec.* 25) the plaintiff must appear in person or by attorney, and cannot afterwards appear and act in person, and his appearance in the action is complete when a summons in proper form, signed by himself or his attorney, has been served upon the defendant (*Sec.* 416).

I think the second ground is also untenable. The last part of the affidavit, on which the order was granted, stated positively, substantially in the words of the statute, that Hofert was indebted to the plaintiff in a sum exceeding ten dollars, to wit, $100, and that, in this department, has been held sufficient to give the officer jurisdiction to grant the order (*First Nat. Bank* agt. *Wilson*, 5 *Week. Dig.*, 565). But taken in connection with other parts of the affidavit, I think it fairly appears that the only indebtedness of Hofert to the plaintiff was upon the lease of a farm in which plaintiff had a life interest and of which Hofert was tenant, upon which lease $100 would become due July 1, 1883. As the affidavit and order were made June 27, 1883, nothing was due from Hofert to the plaintiff at that time and so the point made by plaintiff's counsel fairly arises upon the papers. But a man is *indebted* equally, whether his debt is due or to become due,

and the fact, therefore, the existence of which must be shown before the debtor of a judgment debtor can be examined, appears sufficiently from this affidavit.

The motion therefore is denied, with ten dollars costs.