BOWMAN v. PERINE.

(*City Court of New York, Special Term.* July, 1889.)

ATTACHMENT—CITY COURT OF NEW YORK.

Where it appears that defendant owns a store in New York city, which is managed by her husband under a power of attorney, that she seldom visits the store, and there is no evidence that she takes an active part in the business, she is within Code Civil Proc. N. Y. § 3109, subd. 3, which provides for an attachment in the city

court of New York where defendant, "being a resident of the state, is not a resident of the city of New York, and has not an office within that city where he regularly transacts business in person."

On motion to vacate an attachment.

*Sampter & Bloomfield,* for plaintiff.     *Charles A. B. Pratt,* for defendant.

HOLME, J.    The attachment in this case was granted upon an affidavit showing that the defendant is not a resident of the city of New York, and has not an office within that city where she regularly transacts business in person.    She moves to vacate the attachment on the ground that, while it is true she is not a resident of this city, it is not true that she has not an office here where she regularly transacts business in person.    It appears from the affidavits presented that she has a place of business at No. 350 Canal street, New York, where she is engaged in woolen business.    Her husband, prior to 1884, had been engaged in the same business, and in that year failed.    Since then he has been acting as the agent of the defendant, conducting the woolen business for her, at the store in Canal street, under a power of attorney, which authorizes him to sign checks and notes for her, without indicating that he signed as attorney, but with power to use her name the same as she might use it herself.    The affidavits of the clerks engaged in that business show that she occasionally comes to the store.    One of them, examined before a referee, was not willing to swear that he had seen her at the store half a dozen times last January.    He could say that he had seen her at the store four times talking with her husband.    It nowhere appears from any affidavit presented by the defendant that she took an active part in the business, that she bought or sold, or gave directions to the clerks, or attended to any department of the business.    She resides at Staten island, and appears to have given to her husband the same control of the business as he would have had if it were his own.    The affidavit presented by the plaintiff in opposition to the motion was that notwithstanding the plaintiff had been at the store three or four times a week, and lately every day, he never saw the defendant there.

I am constrained to take the view of this case that, although the defendant owns the business at No. 350 Canal street, it cannot be stated that she regularly transacts business there in person.    I think that something more than having a business in New York under the control and management of an agent is meant by the language of the Code, providing that if a person against whose property an attachment is sought has an office for the regular transaction of business in person an attachment cannot be granted.[1]    If that or anything similar was intended it could have been so stated in plain language, free from doubt.    If, for instance, it was intended to be sufficient that a defendant had a place of business here, where business was done for him on his capital, and at his risk, by persons employed by him, although he resided elsewhere himself, and never, or but seldom, personally appears at his place of business, it is obvious that the Code would not require that it should appear that the defendant has not an office for the regular transaction of business in person, but it should be sufficient that he did business here through others, though in his own name.    I do not see how it can be reasonably maintained on the affidavits on this motion that the defendant regularly transacts business in person in New York, unless by giving to the Code a meaning which cannot be implied from its language.    The language is plain, and I, at any rate, do not not see any reason for distorting it into a meaning beyond its literal sense; nor have I been able to find an authority that would justify me in holding that under the circumstances here presented the property of the defendant is not liable to attachment.    Motion denied, with costs.

[1] Section 3169, subd. 3, provides that an attachment may be granted in the city court of New York where "the defendant, being a resident of the state, is not a resident of the city of New York, and has not an office within that city where he regularly transacts business in person."