CHARLES ANDREWS, Plaintiff, *v.* JOHN P. MASTIN, Defendant, In the Matter of the Application for an Order Declaring JOHN P. MASTIN in Contempt of Court.

(County Court, Onondaga County, January, 1898.)

**Municipal Court of Syracuse — A judgment for less than $25 is not a lien on land — Supplementary proceedings.**

The provisions of section 16 of chapter 342 of the Laws of 1892, the act establishing the Municipal Court of the city of Syracuse, declaring that a judgment rendered in that court shall be subject to all the provisions of the Code of Civil Procedure, and further stating that it "shall be a lien and remain in force for the same length of time as a judgment originally recovered in the County Court," have merely the effect of extending, by the language of this latter clause, the duration of the lien of such a judgment but do not make it, when less than $25, exclusive of costs, a lien upon land; and consequently such a judgment cannot be made the basis of an order in supplementary proceed-

ings, nor is the judgment debtor punishable, as for a contempt, in refusing to appear before a referee appointed by such an order.

APPLICATION to punish the judgment debtor, John P. Mastin, for an alleged contempt in refusing to appear before a referee and submit to an examination in supplementary proceedings.

Charles W. Andrews, for judgment creditor.

J. A. Kippley, for judgment debtor.

Ross, J.   The plaintiff heretofore recovered a judgment against the defendant in the Municipal Court of the city of Syracuse of $24.50 damages and $5.20 costs.

It is claimed by the judgment debtor that the judgment not being for $25 exclusive of costs that the judge granting the order for examination in supplementary proceedings had no authority to grant the same, and that it is void.

It is conceded by all the parties that unless the judgment in question became upon the filing of a transcript of the same in the Onondaga county clerk's office a lien upon the real estate of the judgment debtor that his contention is correct.   For in that event it is conceded that no execution against the property of the judgment debtor within the meaning of section 2436 of the Code of Civil Procedure had been issued.   Dix v. Briggs, 9 Paige, 595; Mason v. Hackett, 35 Hun, 238; Importers & T. N. B. v. Quackenbush, 143 N. Y. 567.

It is contended by the judgment creditor that the provisions of chapter 342 of the Laws of 1892, establishing a Municipal Court in the city of Syracuse, make this judgment a lien upon real estate. Section 16 of said act, which is relied upon by the attorneys for the judgment creditor, is as follows:

"A judgment of said court shall be, in all respects, the same as a judgment rendered by a justice of the peace of towns, and all provisions of the Code of Civil Procedure in relation to filing transcripts of such judgments, and docketing the same, in the office of the clerk of Onondaga county, or of any other county, and the effect of such judgment, when so docketed, shall, in all respects, be the same as if said judgment was recovered before a justice of the peace of a town.   *But such judgment shall be a lien and remain in force for the same length of time as a judgment originally recovered in the County Court.*"

The provisions of this section, except the last two lines, place a judgment of the Municipal Court of the city of Syracuse upon the same footing as a similar judgment recovered in Justice's Court. The provision, "*But such judgment shall be a lien and remain in force for the same length of time as·a judgment originally re- covered in the County Court*," was intended to avoid the rule laid down, or at the time of the passage of the act in question supposed to have been laid down in the case of Dieffenbach v. Roch, 112 N. Y. 621, relative to the effect of the Statute of Limitations upon justice judgments.    "*Shall be a lien and remain in force*" are to be read in connection with the words "*same length of time*."    In other words, it was intended to give to a Municipal Court judgment upon the filing of a transcript the same period of existence as a judgment originally recovered in County Court and for such length of time "*it shall remain in force*" and "*be a lien*," but its lan- guage does not give any additional force or effect to the lien, except to extend the time of its duration.

The judgment not being a lien upon the real property of the judgment debtor, the judge granting the same had no jurisdiction, and the order is void.   Motion for contempt is denied, with $10 costs.

Motion denied, with $10 costs.