(25 Misc. Rep. 89.)

### In re SIRRETT et al.

(Supreme Court, Special Term, Erie County. October, 1898.)

EXECUTION—SUPPLEMENTAL PROCEEDINGS—MOTION COSTS—RECEIVERS.

Under Code Civ. Proc. § 779, permitting execution to collect motion costs against the personalty of the one chargeable therewith, and section 2432, giving to one awarded costs in a civil proceeding the same remedies, as near as may be, as a judgment creditor, supplementary proceedings for the appointment of a receiver will lie, the execution being returned unsatisfied, and this though section 2458 requires the proceedings to be founded on a judgment for not less than $25, this section not stating that the judgment must be a lien on land.

Action by August P. Rockwell against Eugene C. Sirrett and others. There was a judgment for plaintiff. On motion for appointment of receiver in proceedings supplemental to execution. Motion granted.

E. D. Northrup, for the motion.
Hatch & Durand, opposed.

SPRING, J. Judgment was recovered in 1884 in favor of the plaintiff and against the present judgment debtors, and execution was issued thereon shortly thereafter, and returned unsatisfied. After the lapse of 10 years from the return of this execution the usual order was granted, in proceedings supplementary to execution, requiring the judgment debtors to appear before the referee appointed in the order, and submit to an examination as to their property. That order was vacated ex parte by the justice granting it, and the ex parte order was sustained at special term upon a motion to vacate

it. The order of the special term was reversed by the appellate division, with costs, and the costs were taxed, and the order or judgment of reversal duly entered and docketed. 53 N. Y. Supp. 1115. An order in supplementary proceedings on the original judgment was again procured in the month of July of the present year, which was vacated at special term. Afterwards an order was procured, based upon the judgment for costs and disbursements following the reversal by the appellate division, and the judgment debtors were examined in pursuance of that order, and now, after this series of varying and complex litigation, the judgment creditor moves, on the testimony and proceedings before the referee, for the appointment of a receiver.

It will be seen that this proceeding in no sense involves the validity of any of the orders based upon the original judgment, but it depends for its vitality upon the decision of the appellate division reversing, with costs, the special term order. The contention of the judgment debtors is that, this being wholly for motion costs, supplementary proceedings will not lie. This position is not tenable. Section 779 of the Code of Civil Procedure permits an execution to issue to collect motion costs against the personal property of the person chargeable with the payment of the same, conforming to an execution against the property generally of a judgment debtor, so far as possible; and it is therefore unimportant whether a judgment in form or an order was entered for the payment of the costs taxed upon the reversal by the appellate court. In either case the process for enforcement is by execution. This execution was issued, and returned wholly unsatisfied, and is the basis of this proceeding.

Section 2432 of the Code of Civil Procedure, as amended in 1896, provides as follows: "The party to whom costs are awarded in a civil proceeding shall be entitled to the same remedies under this title, under the same circumstances as near as may be, as a judgment creditor. And for the purposes of this title, the party to whom such costs are awarded shall be deemed a judgment creditor, and the party against whom they are awarded shall be deemed a judgment debtor." See, also, section 2435. As the different remedies prescribed by this section are special proceedings (Rid. & B. Supp. Proc. p. 24, § 2433), it is clear the order in supplementary proceedings was a proper remedy following up the execution for costs. Again, supplementary proceedings can be based upon a judgment for costs only. Davis v. Herrig, 65 How. Prac. 290; Rid. & B. Supp. Proc. p. 54; Fiero, Spec. Proc. p. 549. And an execution can be issued to collect costs, even though authorized by an interlocutory judgment. Brassington v. Rohrs, 3 Misc. Rep. 258, 22 N. Y. Supp. 761. There is nothing in section 2458 of the Code in conflict with this. That section provides that the special proceedings provided for in that article are to be founded upon a judgment for a sum not less than $25, but it does not state that the judgment must be a lien on land. But, beyond that, section 779, coupled with section 2432 as amended in 1896, is clearly designed to provide a remedy for the collection of costs of a motion in the same manner as judgments for

damages, limiting the enforcement apparently to the personal property of the person required to pay. An order will be entered appointing Frank Chase receiver. Ordered accordingly.