(27 Misc. Rep. 684.)

### BURKE v. BURKE.

(Supreme Court, Special Term, New York County. June 17, 1899.)

1. SUPPLEMENTARY PROCEEDINGS—JUDGMENT FOR COSTS.

Proceedings supplementary to execution may be maintained when the judgment is for costs only.

2. SAME—PLACE OF BUSINESS OF DEBTOR—SCHOOL-TEACHERS.

A school-teacher in one of the public schools of New York county, attending to her duties regularly, but residing in another county, has a place for the regular transaction of business in New York county, authorizing the issuance of an execution against her there, under Code Civ. Proc. § 2458, subd. 1, requiring the issuance of an execution to the sheriff of the county where the judgment debtor has a place for the regular transaction of business, as a prerequisite to the institution of supplementary proceedings.

Action by Mary C. Burke against William V. Burke. On motion to vacate an order for the examination of plaintiff in supplementary proceedings. Denied.

Oberstein & Kohner, for the motion.
Smith & Cochrane, opposed.

GILDERSLEEVE, J. The defendant in this action, William V. Burke, obtained a judgment for costs against the plaintiff herein, Mary C. Burke. The plaintiff failed to pay said judgment, and the defendant obtained an order for her examination in supplementary proceedings. This motion is made to set aside the order on the grounds (1) that such proceedings cannot be maintained where the judgment is for costs only; and (2) because the plaintiff is a school-teacher in one of the public schools of this city, but resides in Mt. Vernon, Westchester county, and the execution on the judgment was issued to the sheriff of New York county.

The first point is without merit. Proceedings supplementary to an execution may be taken upon a judgment for costs only, rendered against a plaintiff. See Davis v. Herrig, 65 How. Prac. 290; In re Sirrett, 25 Misc. Rep. 89, 54 N. Y. Supp. 666.

Nor is the second point well taken. Subdivision 1, § 2458, Code, provides that "execution must have issued out of a court of record to the sheriff of the county where the judgment debtor has, at the time of the commencement of the special proceedings, a place for the regular transaction of business in person," etc. It does not use the word "office," but says "place." Now, the plaintiff attends regularly to her duties as school-teacher in this city, and she has "a place for the regular transaction of business in person" in this county, i. e. the school house where she is employed. It seems to me that the requirement of the statute above quoted has been met. I do not see any application in the cases of Belknap v. Hasbrouck, 13 Abb. Prac. 418, note, and Bowman v. Perine (City Ct. N. Y.) 7 N. Y. Supp. 155, cited by plaintiff's counsel.

The motion must be denied, but without costs. Settle order on notice.