(120 App. Div. 641)

COOLIDGE v. STODDARD.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

PLEADING—BILL OF PARTICULARS—PAYMENTS.

Plaintiff sued on four notes, each in a separate count. Defendant denied each count separately, and alleged as to each note that before suit he had paid the same. Plaintiff applied for a bill of particulars as to such payments, based on an affidavit that he had no knowledge of any payments, except those expressly admitted in the complaint, and produced letters from defendant admitting liability for a large part of the debt. *Held*, that plaintiff was entitled to a bill of particulars stating with reasonable certainty the time, place, and amount of the payments, or when and how the notes were otherwise discharged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 969.]

Appeal from Special Term, Warren County.

Action by Jonathan M. Coolidge against Seneca R. Stoddard. From an order denying plaintiff's application for a bill of particulars as to payments alleged in defendant's answer, plaintiff appeals. Reversed. Application granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Henry W. Williams, for appellant.

Charles H. Stoddard, for respondent.

JOHN M. KELLOGG, J. This action is brought to recover upon four promissory notes, each set up in a separate count. The answer denies each count separately, and, among other things, alleges as to each note that prior to the commencement of the action the defendant paid, satisfied, and discharged the same. The plaintiff, upon affidavit that he has no knowledge of any payment, except those expressly admitted in the complaint, and that he has no information or means of information as to any other payments, and upon letters from the defendant practically admitting liability for a great part of the indebtedness claimed, asks a bill of particulars of the payments claimed. The case presents facts which render a bill of particulars clearly proper, if particulars may be ordered as to alleged payments. That such order may be made is established in this department by Klock v. Brennan, 13 N. Y. Supp. 171, and seems to be well within the provisions of section 531 of the Code of Civil Procedure.

The order is therefore reversed, with $10 costs and disbursements, and a bill of particulars ordered, stating with reasonable certainty the time, place, and amount of the payments, or when and how the notes were otherwise satisfied or discharged. All concur.