(55 Misc. Rep. 621)

MEDE v. MEYER.

(City Court of New York, Special Term.  June, 1907.)

**1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—JURISDICTION.**

Proceedings supplementary to execution are of statutory origin, and the court has only such jurisdiction as is conferred by the statute creating the remedy, and to authorize a creditor to institute them the judgment must in all cases be for a sum not less than the jurisdictional amount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1097.]

**2. SAME—JUDGMENT OF JUSTICE.**

Code Civ. Proc. § 3043, provides that, where a judgment by a justice of the peace has been docketed with a county clerk, upon the filing of a transcript from the justice's docket, the execution must be in the same form and executed in the same manner as an execution issued upon a judgment of the county court, except where the judgment is for less than $25 exclusive of costs, the direction to satisfy the judgment out of the real property of the debtor must be omitted. *Held*, that the effect is that a justice's judgment, where the amount is less than $25 exclusive of costs, is not a lien upon realty; and, since under sections 2432, 2435, 2436, in order to maintain supplementary proceedings, execution must have issued against property, and "property" in these sections means realty, as well as personalty, in a case where the execution issued was upon a judgment within section 3043, and so not a lien upon realty, there has been no execution as required by the sections, and supplementary proceedings will not lie.

**3. SAME—SUPPLEMENTARY PROCEEDINGS.**

Under Code Civ. Proc. tit. 12, §§ 2432–2463, providing for proceedings supplementary to execution against property after return of an execution or after the issuing and before the return of an execution against property, there is no execution against property within the meaning of the Code unless the judgment in question, upon the filing of a transcript of the same in the county clerk's office, became a lien upon the debtor's realty.

**4. SAME.**

New York Municipal Court Act, § 263 (Laws 1902, p. 1565, c. 580), provides that, except as otherwise prescribed, a judgment for $25 or more docketed in a county clerk's office shall be a charge upon the debtor's real property and chattels real. *Held*, that the omission of the words "exclusive of costs" clearly indicates that a judgment referred to in the act is the total judgment rendered, whether made up in part of costs or not, and hence a judgment for $23.57, $2 costs, and $3.01 prospective fees, is a lien upon real estate, and, execution having been issued under Code Civ. Proc. §§ 2432, 2435, an order requiring the judgment debtor to be examined in proceedings supplementary to execution is expressly authorized by section 2458; the judgment having been rendered for less than $25.

Action by Albert Mede against John D. Meyer.  Defendant moves to vacate an order requiring him to be examined concerning his property on proceedings supplementary to execution.  Motion denied.

Abraham S. Goldman, for plaintiff.
Jacob Levy, for defendant.

WADHAMS, J.  This is a motion to vacate an order requiring the judgment debtor to be examined concerning his property in proceedings supplementary to execution.  All preliminary and other objections were waived by both parties, and the motion submitted for determination upon the single question whether or not the court had

jurisdiction to grant the order where it appears that the judgment was rendered for a sum less than $25 excluding the costs, but more than $25 including the costs. The judgment was rendered in the Municipal Court of the city of New York, and a transcript was duly filed and docketed in the office of the clerk of the county of New York. In the transcript the column entitled "Amount of Judgment" is filled in as follows: "Judgment, $23.57; costs, $2; prospective fees, $3.01; total, $28.58."

Supplementary proceedings are special proceedings of statutory origin, and the court has only such jurisdiction as is conferred by the statute creating the remedy. Maas v. McEntergart et al., 46 N. Y. Supp. 534, 20 Misc. Rep. 676; Smith v. Tozer, 11 Civ. Proc. R. 346. To authorize the creditor to institute supplementary proceedings the judgment must, therefore, in all cases be for a sum not less than the jurisdictional amount. There are a number of cases in which it has been held that supplementary proceedings may not be had where the judgment rendered was for less than $25, exclusive of costs. The statutes controlling in these cases will be briefly examined.

Under the Code of Procedure (section 292), being the original Code of 1848, as amended in 1867, it was provided that the judgment creditor was entitled to an order requiring the judgment debtor to appear and answer concerning his property when execution against property issued to the sheriff of a county where a transcript of a justice's judgment for $25 or upwards, exclusive of costs, is returned unsatisfied. It was accordingly held that proceedings supplementary to execution could not be instituted under that section where a transcript of a justice's judgment for less than $25, exclusive of costs, had been filed. Wolf v. Jordan, 22 Hun, 108; Butts v. Dickinson, 12 Abb. Prac. 60; Id., 20 How. Prac. 230; Anonymous, 32 Barb. 201; Vulte v. Whitehead, 2 Hilt. 596. The Code of Civil Procedure (chapter 448, p. 1, Laws 1876) originally provided by section 2458 (which took the place of section 292 of the Code of Procedure):

"In order to entitle a judgment creditor to maintain either of the special proceedings authorized by this article the judgment must have been rendered * * * for a sum not less than $25, exclusive of costs."

This was the law until 1881, when the section was amended by chapter 122, p. 166, of the Laws of 1881, when the words "exclusive of costs" were stricken out. It has been held that prior to the amendment supplementary proceedings could not be maintained where judgment for costs only was recovered (Bean v. Tonnelle, 24 Hun, 353), but subsequent to the amendment proceedings may be had upon judgments for costs only (Davis v. Herrig, 65 How. Prac. 290; Davis v. Jones, 8 Civ. Proc. R. 43; Matter of Sirrett, 25 Misc. Rep. 89, 54 N. Y. Supp. 666; Burke v. Burke, 27 Misc. Rep. 684, 58 N. Y. Supp. 676). Section 3043 of the Code of Civil Procedure provides:

"Where a judgment rendered by a justice of the peace has been docketed with a county clerk, upon the filing of a transcript from the justice's docket * * * the execution * * * must be in the same form and executed in the same manner as an execution issued upon a judgment of the County Court * * * except where the judgment is for a sum less than $25, exclusive of costs, the direction to satisfy the judgment out of the real prop-

erty of the judgment debtor must be omitted. In that case the provisions of this act relating to the satisfaction of an execution out of the judgment debtor's real property are not applicable thereto."

The effect of this provision is that a judgment rendered in Justices' Courts, where the judgment is for less than $25, exclusive of costs, is not lien upon real estate. In order to maintain these proceedings, execution must have been issued against property (Code Civ. Proc. § 2432, 2435, 2436, 2458), and it has been held that property in these sections means real as well as personal property (Mason v. Hackett, 35 Hun, 238). Therefore, in a case where the execution issued was upon a judgment which was within section 3043, and so not a lien upon real property, there has been no execution as required by these sections of the Code of Civil Procedure, and supplementary proceedings may not be maintained.

The cases relied upon by the judgment debtor are cases in which the judgment was not a lien upon real estate. In Mason v. Hackett, 35 Hun, 238, the judgment was recovered in the Municipal Court of the city of Rochester, and by special enactment such judgments, if for less than $25, exclusive of costs, are not a lien upon real estate. Laws 1880, p. 83, c. 14, § 246. Moreover, section 3043 of the Code of Civil Procedure is made applicable to the Municipal Court of Rochester by section 3226 of the Code of Civil Procedure. In Andrews v. Mastin, 22 Misc. Rep. 263, 49 N. Y. Supp. 1118, it was held that a judgment of the Municipal Court of the city of Syracuse for less than $25, exclusive of costs, was not made a lien upon real estate by section 16, c. 342, p. 709, Laws 1892, establishing that court, and consequently that such a judgment cannot be made the basis of an order in supplementary proceedings. It therefore appears that in these cases the special provisions applicable to the facts in question did not confer jurisdiction. None of these cases are in my opinion controlling. The cases determined prior to 1881 were governed by the express prohibition of the Code of Procedure and the Code of Civil Procedure before amendment. The cases since then were within special restrictions, whereby the judgment, if for less than $25, exclusive of costs, was not a lien upon real estate. I find no case in which the question has been determined where the judgment was rendered by the Municipal Court of the city of New York. After the transcript of such a judgment is filed in the office of the clerk of the county in which the judgment was rendered it "is deemed a judgment of the Supreme Court and may be enforced accordingly." Municipal Court Act, Laws 1902, p. 1565, c. 580, § 261. Supplementary proceedings may, therefore, be instituted pursuant to title 12, being sections 2432 to 2463 of the Code of Civil Procedure. Under these sections the proceedings may be instituted after return of an execution or after the issuing and before the return of an execution against property. Sections 2432, 2435, 2436. There is no execution against property within the meaning of these sections unless the judgment in question, upon the filing of a transcript of the same in the county clerk's office, became a lien upon the real estate of the judgment debtor. Importers' & T. N. B. v. Quackenbush, 143 N. Y. 567, 39 N. E. 21; Dix v. Briggs, 9 Paige, 595; Mason v. Hackett, 35 Hun, 238; Andrews v. Mastin, 22 Misc.

Rep. 264, 49 N. Y. Supp. 1118. Section 263 of the Municipal Court act of the city of New York provides:

"Except as otherwise specially prescribed by law a judgment hereinafter rendered which is docketed in a county clerk's office as prescribed in this article, where it is for the sum of twenty-five dollars or more, binds and is a charge upon for ten years after the filing the judgment roll, and no longer, the real property and chattels real in that county which the judgment debtor has at the time of so docketing it or which he acquires at any time afterwards and within ten years."

The language of this section is taken from section 1251 of the Code of Civil Procedure. It takes the place of part of sections 1392 and 1403 of the consolidation act (Laws 1882, pp. 355, 357, c. 410). The words "where it is for the sum of twenty-five dollars or more" have been added. Section 1392 of the consolidation act provided:

"The judgment is not a lien upon and cannot be enforced against real property unless it is for twenty-five dollars or more, exclusive of costs."

Section 1403 of the consolidation act made section 3043 of the Code of Civil Procedure, relating to judgments of Justices' Courts for $25, exclusive of costs, applicable to District Courts in the city of New York. Both sections 1392 and 1403 of the consolidation act were repealed by section 364 of the Municipal Court act. The omission from the Municipal Court act of the words "exclusive of costs" clearly indicates that the judgment referred to in the act is the total judgment rendered, whether such judgment be made up in part of costs or not. It follows that this judgment is a lien upon real estate, that execution has been issued as provided by sections 2432 and 2435 of the Code of Civil Procedure, and the order is authorized as provided by section 2458, it appearing that judgment was rendered for a sum not less than $25.

The court therefore had jurisdiction, and the motion must be denied.