er knew, or should have known, the situation. His answer to the question induced the plaintiff to put himself upon the bridge where he could not escape. Upon the conceded facts, I think there was a violation of the master's duty. Whether the telegraph operator communicated the information that the train was in the ditch and the engineer with a broken leg, or that no train was coming, is quite immaterial because the answer from the train dispatcher was only important as indicating that the track was clear. The question to the train dispatcher and his answer to it must be read together. Whichever way the communication came from the telegraph operator, I think it was in substance the information sent from the train despatcher, and that the master is responsible for the information which caused the plaintiff to put himself in a place of danger. The criticism is made that the charge to the jury did not indicate that negligence might be predicated upon the fact that the train dispatcher sent a negligent message which caused the injury, but all presumptions are in favor of the verdict, and, if the jury have decided the case right, it ought not to be reversed because the judge did not submit it to them as fully as he should have done. It is a technicality purely to say that the verdict is based upon the negligence of the telegraph operator, and not upon the negligence of the train dispatcher, when, in fact, the telegraph operator in substance communicated the information which the train dispatcher gave him. In Ostrander v. State (decided by the Court of Appeals September, 1908, and not yet officially reported) 85 N. E. 668, it was held that where findings of fact omit a material fact, if the evidence shows the existence of the fact, the court may imply a finding upon which the judgment may stand. The same doctrine should apply more liberally to the verdict of a jury, and a correct verdict in a case free from all valid exceptions ought not to be reversed because of the failure in the charge to point out every ground upon which the defendant's negligence may be predicated. I think the evidence fully sustains the recovery.

---

(128 App. Div. 759.)

### In re STODDARD.

(Supreme Court, Appellate Division, Third Department.　November 11, 1908.)

1. EXECUTION (§ 360*)—SUPPLEMENTARY PROCEEDINGS—PERSONS WHO MAY MAINTAIN—COSTS ON INTERLOCUTORY ORDER.

 Code Civ. Proc. § 2432, authorizing the examination of a judgment debtor in supplementary proceedings, was amended by Laws 1896 (Laws 1896, p. 105, c. 176) so as to provide that the party to whom costs were awarded in a special proceeding should be entitled to the same remedy, and that the party taxed should be deemed a judgment debtor. *Held*, that such section as amended gave the remedy of supplementary proceedings to a creditor for costs on a final order in special proceedings, but not on a creditor for costs given by an interlocutory order in an action.

 [Ed. Note.—For other cases, see Execution, Dec. Dig. § 360.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EXECUTION (§ 360*)—SUPPLEMENTARY PROCEEDINGS—STATUTES—ORDER·FOR COSTS.

Code Civ. Proc. § 2435, as amended by Laws 1896, p. 105, c. 176, authorized the granting of an order for the examination of a debtor in supplementary proceedings after the return of an execution against property issued on a judgment, or in case of an order issued in the same manner so far as the provisions of the section can be applied in substance. *Held*, that such section, as amended, did not enlarge the rights of a creditor so as to authorize an examination in supplementary proceedings on the return of an execution for costs on an interlocutory order in an action authorized by section 779.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 360.*]

3. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS.

Where a creditor was only entitled to execution against personal property, a receiver could not be appointed in supplementary proceedings if no personal property was found though the debtor had real estate; the receiver being without authority to take real estate.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1174; Dec. Dig. § 409.*]

4. EXECUTION (§ 409*)—SUPPLEMENTARY PROCEEDINGS—RECEIVER—REAL ESTATE LIEN.

A receiver in supplementary proceedings based on an order for costs could not take real estate on which the order was not a lien.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1174; Dec. Dig. § 409.*]

5. EXECUTION (§ 405*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—APPOINTMENT.

There is no authority for the appointment of a receiver in supplementary proceedings for personal property only.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 405.*]

6. PAYMENT (§ 87*)—DURESS—LEGAL PROCEEDINGS.

Where a debtor, on being brought before a referee in supplementary proceedings, sought an adjournment to procure counsel, which was refused him until certain questions were asked by the creditor's attorney, whereupon he sought to pay the amount demanded under protest, which was not allowed, and he thereupon paid the amount and costs, such payment was pursuant to legal duress, and was therefore recoverable.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 282–290; Dec. Dig. § 87.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Warren County.

Examination of Seneca R. Stoddard in proceedings supplementary to execution. From an order denying the debtor's motion to vacate an order requiring him to appear and answer, and denying his motion to compel Henry W. Williams and Jonathan M. Coolidge to repay to him $70.09, the payment of which the debtor claimed to have been coerced to make by the order, he appeals. Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Charles H. Stoddard, for appellant.
Henry W. Williams, for respondent.

SMITH, P. J. In an action brought by Jonathan M. Coolidge against Seneca R. Stoddard, the plaintiff made a motion for a bill

of particulars. This motion was denied, but upon appeal the order denying the motion was reversed with· $10 costs and disbursements of the appeal. The costs were duly taxed at $35.09. Thereafter an execution against the personal property of said Stoddard was issued and returned wholly unsatisfied. Upon the return of this execution, an order was procured from the county judge of Warren county to examine the said Stoddard in supplementary proceedings. The motion to vacate this order raises the first question that is here for discussion.

While there are· numerous grounds mentioned for vacating said order, the ground mainly relied upon is that the county judge had no jurisdiction to grant the same upon the return unsatisfied of an execution against personal property issued under section 779 of the Code of Civil Procedure.

The authority for the institution of this special proceeding is found in section 2432 of the Code of Civil Procedure. That section provides for the examination of a judgment debtor. In 1896 there was added to the section the following provision:

"The party to whom costs are awarded in a special proceeding shall be entitled to the same remedies under this title, under the same circumstances, as near as may be, as a judgment creditor. And for the purposes of this title, the party to whom such costs are awarded shall be deemed a judgment creditor, and the party against whom they are awarded shall be deemed a judgment debtor."

The conclusion of a special proceeding is expressed by a final order, and not by a judgment. It will be noticed that neither in that section of the Code nor elsewhere, up to the time of this amendment, was there any authority for the examination of a debtor other than a judgment debtor, and up to that time it is not contended that there was any authority for the examination of one against whom an execution under section 779 of the Code had been returned unsatisfied. This amendment, however, made in 1896, refers simply to an order in special proceedings. It nowhere gives the right to this remedy to a creditor for costs given by an interlocutory order in an action. The necessary and reasonable construction, therefore, of this amendment of section 2432, in connection with the subject-matter of the section amended, would seem to give this remedy to a creditor for costs in a final order in special proceedings. It ·is not reasonable to suppose that the Legislature was intending to give this remedy to a creditor for interlocutory costs in a special proceeding where they had none for interlocutory costs in an action.

The respondents here seek to uphold this order under section 2435 of the Code of Civil Procedure. In 1896 that section was amended so as to provide for the granting of the order for examination after the return of an execution against property issued upon a judgment, "or in case of an order issued in the same manner so far as the provisions of this section can be applied in substance." It is claimed that this enlarges the rights of the creditor, and authorizes the granting of the order upon the return of an execution issued under section 779 of the Code. It would seem, if it were the in-

tent of the amendment of 1896 to enlarge the cases to which the proceeding might be made applicable, that the amendment would have been made to section 2432, which assumes to state in what cases the remedy may be applied for. But this amendment to section 2435 was made by chapter 176, p. 105, Laws 1896, the same chapter by which section 2432 was amended, and the provision made applicable to orders in special proceedings. This fact would seem to clear away all doubt as to what was intended by the amendment of section 2435, and would seem to make clear that the order referred to in section 2435 was the final order in a special proceeding, to which the remedy was extended by the amendment of section 2432. There is strong reason for denying this remedy to a creditor whose right is only to issue execution against personal property. A receiver could hardly be appointed if no personal property were found, provided the debtor had real estate. That receiver, as such receiver, certainly could not take real estate upon which the order granting the costs was not a lien. There is no authority anywhere for the appointment of receiver for personal property only. The reasoning of the cases which deny the right of this remedy upon a judgment less than $25 strongly supports the construction which we have given. See Mason v. Hackett, 35 Hun, 238. In the case of the Importers' & Traders' National Bank of New York v. Quackenbush, 143 N. Y. 567, 38 N. E. 728, it is held that this remedy is not available except after the return of an execution "effective to exhaust the remedy at law. It is not enough that forms are observed by the return of an execution which is not effective to reach all of the debtor's property, and the right does not arise unless at the time of issuing the execution the creditor had a judgment which was a lien upon the debtor's real estate and chattels real, so that the execution could reach them as well as his personal property." For the reason stated, we cannot approve of the decision of the Erie Special Term in the Matter of Sirrett, 25 Misc. Rep. 89, 54 N. Y. Supp. 666.

Upon the return day of the order for an examination, the judgment debtor appeared without counsel before the referee. Having answered certain questions, he objected to going further without counsel. It appears that the attorney for the judgment creditor insisted upon asking certain questions, however, before the adjournment. These were claimed to have been immaterial and only had reference to the fact as to whether he kept certain books; but upon that insistence, and upon the compulsion of the referee, Stoddard asked if he might settle the whole matter. He was told that he might settle by payment of the costs and $35 costs of the proceedings. This he attempted to do under protest, but the attorney for the creditor refused to accept the money under the protest of the said Stoddard, and the amount of $70.09 was finally paid. This amount included the $35.09, the costs entered in the order, and $35. costs of the proceedings. In the motion which has been denied the said Stoddard asked that the said Williams and his client Coolidge be required to repay these moneys, as having been obtained under duress of a void order. These facts appear sub-

stantially in the affidavit of Mr. Williams, and also in the report of the referee. At the close of the evidence given appears this statement:

"Mr. Stoddard: 'I want to ask if there is not any legal rights in this proceeding. I want to object or ask a postponement or something.' At this point, after some discussion, the proceedings were discontinued before the referee by judgment creditor paying amount of the judgment and costs, amounting to $70.09."

It seems to me clear that this constituted legal duress, however unimportant might be the questions which the judgment creditor's attorney desired to ask of him. He was seeking an adjournment which was refused to him, unless those questions were allowed to be asked. He then sought to pay under protest, but was not allowed to pay under protest. His only remedy to escape the examination under this void order then was the payment of these moneys. The court should not allow moneys thus secured to be retained by the judgment creditor or his counsel, and they should be directed to repay the same. The order of the county judge should, therefore, be reversed, with $10 costs and disbursements, and the motion made should be granted, with $10 costs.

Order of the county court denying motion to vacate order in supplementary proceedings reversed, with $10 costs, and disbursements, and motion granted, with $10 costs. All concur, except KELLOGG, J., dissenting in opinion.

JOHN M. KELLOGG, J. (dissenting). By section 3347, subd. 6, Code Civ. Proc. section 779, which authorizes an execution to issue against personal property only to collect moneys directed to be paid by an order, applies to an order in special proceedings Therefore the execution upon an order in special proceedings can i. ue only against personal property. Nevertheless section 2432 of the Code of Civil Procedure permits proceedings supplementary to execution to be based upon such an order in substantially the same manner as upon a judgment. With respect, therefore, to such an order, the authorities holding that an execution issued only against personal property is not a proper basis for an order in supplemental proceedings are not applicable. Section 3343, subd. 20, Code Civ. Proc., defines the word "order," when used in the Code, as referring to an order made in an action or special proceedings. Therefore the provision permitting supplementary proceedings to be based upon an order in special proceedings relates to all orders for the payment of money in special proceedings, whether such orders are final or otherwise.

Section 2432 of the Code of Civil Procedure defines proceedings supplementary to an execution against property as consisting of three remedies, which it briefly describes. Each particular remedy is definitely defined and provided for in following sections: Section 2435 defines the first remedy to examine the debtor after the return of the execution, section 2436 defines the second remedy for the examination before the return of the execution, and section 2441 defines the third remedy for the examination of a third person having property of a judgment debtor. If a particular case comes within the specific definition of the section which provides for the particular remedy,

the mere fact that such a case is not mentioned in the more general terms of section 2432 ought not to deprive the creditor of the remedy. The object of these proceedings is to compel a reluctant debtor, after the decision of the court has passed against him, to pay his debt and to enable an execution creditor by examination of the debtor, and otherwise to find out if he has property which he is concealing or unjustly refuses to apply upon the execution. In principle there is no reason why it should not apply to every person having an execution, for it is a proceeding supplemental to and in aid of an execution, and the statute should be liberally construed so far as may be to give to every execution creditor the benefit of this remedy which is designed to make the execution effective.

The Code provisions speak of judgment creditor. It nevertheless recognizes that certain parties may have the proceedings, although not judgment creditors, if they are execution creditors. I think we better understand the proceedings, and give better effect to them, by considering the name which the statute has applied to them, "Proceedings supplementary to an execution against property." From this we naturally infer that the statute had in mind an execution creditor, and not a judgment creditor exclusively, and section 2435 of the Code of Civil Procedure shows clearly that such was the intent of the Legislature. It provides that:

"At any time within ten years after the return wholly or partly unsatisfied of an execution against property issued upon a judgment as prescribed in section 2458 of this act, or in case of an order issued in the same manner, so far as the provision of said act can be applied in substance, the creditor under such judgment or order upon proof of the facts [is entitled to the order]."

This shows that the creditor who may have the order is the execution creditor, and also that, in case of an order, it is entirely immaterial that the execution was not issued against real estate, for it cannot in any such case so issue. The suggestion that a receiver cannot be appointed of the real and personal estate of a debtor where the legal remedy against the real estate has not been exhausted has no real force, for the reason that the receivership is not the principal end to be accomplished by such proceedings. The real benefit to the creditor from the proceedings is the ability to examine his debtor and other witnesses under oath, and determine the financial condition of the debtor, and whether he has or is concealing property which ought to be applied in satisfaction of the debt, and in many cases the receivership is not contemplated. As the court has power to direct the application by the debtor or a third person of money or property to a debt through the sheriff, a receivership is a mere incident, and, if property is found which cannot be reached by an execution, then the debtor is permitted to apply for a receivership, but the current of authority is that, if property is found which is subject to execution or which may be directed to be paid directly upon the judgment, then a receivership is not the proper remedy to reach such property. In every case where a receiver is sought in supplementary proceedings, the court may or may not grant it. If a receiver ought not to be appointed where an execution has been issued only against personal property,

the court would so determine. The mere fact that in a certain case a receiver may not be appointed is no reason why the creditor cannot have supplementary proceedings. It is simply a reason why the particular relief resulting from a receivership is not granted him, but he is entitled to any other relief which may properly be granted to him in the proceedings.

It is difficult to see any reason why money directed to be paid by an order in the action should not carry with it all the remedies which may be had in the case of an order in special proceedings. I do not believe the Code has intended to discriminate against an order in the action and in favor of an order in a special proceeding. I think, therefore, the other provisions of the statute being complied with, an execution creditor is as much entitled to a supplemental order to collect the amount due upon an order in an action as upon an order in special proceedings.

I therefore favor an affirmance of the order.