JOE MILAN, Judgment Debtor, in Proceedings Supplemental to Execution, *v.* JOE KERLANSKY, Judgment Creditor.

(County Court, Dutchess County, September, 1914.)

Judgments — execution issued on justice's judgment not a lien on real estate — City Court of Poughkeepsie — supplementary proceedings — Code Civ. Pro., § 3043.

An execution issued on a justice's judgment is not a lien on real estate.

A judgment rendered by the City Court of the city of Poughkeepsie for a sum less than twenty-five dollars, exclusive of costs, is not a lien on the real property of the judgment debtor under section 3043 of the Code of Civil Procedure, though a transcript of said judgment was filed and docketed in the office of the clerk of Dutchess county; and an order for the examination of the judgment debtor in proceedings supplementary to execution issued upon such a judgment is unauthorized and should be vacated.

MOTION to vacate an order for examination of judgment debtor in proceedings supplemental to execution.

Edward A. Conger, for judgment creditor.

Gaius C. Bolin, for judgment debtor.

ARNOLD, J. This is a motion to vacate an order requiring the judgment debtor to be examined concerning his property in proceedings supplemental to exe-

cution, and the sole question presented is, had this court jurisdiction to grant the order where it appears that the judgment was rendered for a sum less than twenty-five dollars excluding costs.

The judgment was rendered in the City Court of the city of Poughkeepsie and the transcript issued was filed and docketed in the office of the clerk of the county of Dutchess. The judgment was recovered for twenty-two dollars and sixty-four cents damages and four dollars and seventy-five cents costs, amounting in all to twenty-seven dollars and thirty-nine cents.

Under chapter 35 of the Laws of 1902, it is provided that the processes, practices and procedures in City Courts, and the jurisdiction of City Courts of persons and subject-matter shall be the same as in Courts of Justices of the Peace in towns, and transcripts of judgments shall be filed in the office of the clerk of the county of Dutchess, and the enforcements of such judgments shall be had in the same manner and with like force and effect as in Courts of Justices of the Peace in towns.

Section 3043 of the Code of Civil Procedure provides " Where a judgment, rendered by a justice of the peace, has been docketed with a county clerk, upon the filing either of a transcript from the justice's docket * * * the execution, to be issued thereupon by the county clerk, must be in the same form, and executed in the same manner, as an execution issued upon a judgment of the county clerk * * * and except, also, that, where the judgment is for a sum less than twenty-five dollars, exclusive of costs, the direction to satisfy the judgment out of the real property of the judgment debtor must be omitted. In that case the provisions of this act, relating to the satisfaction of an execution out of the judgment debtor's real property, are not applicable thereto."

My attention has been called to *Mede* v. *Meyer,* 55 Misc. Rep. 621, where a judgment was recovered in the Municipal Court of the city of New York for twenty-three dollars and fifty-seven cents damages, and costs two dollars, prospective fees three dollars and one cent, total twenty-eight dollars and fifty-eight cents, and transcript docketed in the county clerk's office of New York county, execution returned unsatisfied and proceedings supplemental to execution issued thereunder, and the court held in a motion to vacate said order that the judgment was a lien upon real estate, and that therefore the court had jurisdiction to grant the order.

The court in deciding the motion referred to section 261 of the Municipal Court Act which provides that after the transcript of such a judgment is filed in the office of the clerk of the county it ". is deemed a judgment of the supreme court and may be enforced accordingly.''

I do not regard that case as an authority for the proposition sought to be maintained by the judgment creditor herein.

In *Mason* v. *Hackett,* 35 Hun, 238, the judgment was recovered in the Municipal Court of the city of Rochester in favor of the plaintiff and against the defendant for twenty dollars damages, and seven dollars and eighty-five cents costs, in all twenty-seven dollars and eighty-five cents. Under section 246 of chapter 14, of the Laws of 1880, transcripts of all judgments rendered in that court may be filed in the Monroe county clerk's office, and if the recovery therein is for less than twenty-five dollars, exclusive of costs, the judgment is not a lien upon real estate, and the court held that all the provisions of section 3043 of the Code were made applicable to the said Municipal Court.

Section 3043, to which attention has been called, expressly provides that an execution issued on a justice's judgment is not a lien upon real estate.

The right of a judgment debtor to maintain supplementary proceedings under the Code (§§ 2432, 2435, 2436) is based upon an execution "against property" returned unsatisfied. "There is no execution against property within the meaning of these sections unless the judgment in question upon the filing of a transcript in the county clerk's office became a lien upon the real estate of the judgment debtor." *Mede* v. *Meyer,* 55 Misc. Rep. 621; *Importers & Traders' Nat. Bank* v. *Quackenbush,* 143 N. Y. 567; *Mason* v. *Hackett,* 35 Hun, 238; *Andrews* v. *Mastin,* 22 Misc. Rep. 264.

The judgment herein, not being a lien upon the real property of the judgment debtor under section 3043 of the Code and cases cited, there was no jurisdiction for the court to grant the order herein, and the same should be vacated.

Motion granted.