Matter of Supplementary Proceedings of JOHN F. DE ANGELLI, Judgment Creditor, *v.* HENRY E. DIXEY, Judgment Debtor.

(Supreme Court, New York Special Term, December, 1917.)

Supplementary proceedings — when motion to dismiss granted — theatres — executions — Code Civ. Pro. § 2458 (1).

A theatre in the city of New York at which a judgment debtor was playing an engagement as an actor, at the time of the institution of proceedings supplementary to an execution issued upon the judgment recovered against him, is not " a place for the regular transaction of business in person " in the county of New York, within the meaning of section 2458(1) of the Code of Civil Procedure, it appearing that he transacted no business at the theatre during his engagement there, and that when not on the stage he was in his dressing-room changing for the next act; and his motion to dismiss the proceedings will be granted.

MOTION to dismiss supplementary proceedings.

Samuel H. Wandell, for judgment debtor and motion.

Farrell & Bevier, for judgment creditor, opposed.

GIEGERICH, J. The judgment debtor moves to dismiss the supplementary proceedings. The only question that need be discussed is whether or not the debtor had " a place for the regular transaction of business in person " within the county of New York within the meaning of subdivision 1 of section 2458 of the Code of Civil Procedure. The facts are as follows: The debtor, at the time of the institution of the proceedings, was playing an engagement as an actor at a theatre in the county of New York, attending at the theatre only during the evening performances and two weekly matinees; but was never at the theatre during the usual hours of business, except the two weekly afternoon performances. The part which he played required several changes of costume and, when not on the stage, he was in his dressing-room changing for the next act. By the rules of the theatre no person was admitted behind the scenes or at the stage entrance during the performance, and no person desiring to see him on business had any right to call at the theatre for that purpose. There was always a guard stationed at the stage door of the theatre, whose business it was to prevent any outsiders from entering the house. The debtor has not transacted any business at the theatre during his engagement there. These facts do not, in my opinion, show that such theatre was " a place for the regular transaction of business " by the debtor. He did no business there in the ordinary sense of that word. No one who had business to do with him could have secured access to him at the theatre. The case is perceptibly different from *Burke* v. *Burke,* 27 Misc. Rep. 684, where it was held that the school-house where a teacher is engaged is a place for the regular transaction of business within the meaning of the statute quoted. A teacher is in control of his school building, or school-room, as the

case may be, and, as a rule, can allow persons who have business to transact with him to have access to him and can transact his personal business with them, if he chooses to do so. The present case is more like *Bank of Columbia* v. *Lawrence*, 26 U. S. (1 Pet.) 578, 582, in which the court said: " The evidence does not show that the defendant had a place of business within the city of Washington, according to the usual commercial understanding of a place of business. There was no public notoriety of any description given to it as such. No open or public business of any kind was carried on, but merely occasional employment there, two or three times a week, in a house occupied by another person; and the defendant only engaged in settling up his old business." The motion should be granted, with ten dollars costs.

Motion granted, with costs.