PETER F. CONNOLLY, Judgment Creditor, *v.* WILLIAM HOTH, Judgment Debtor.

County Court, Erie County, February 26, 1925.

Supplementary proceedings — judgment obtained in City Court of Buffalo against judgment debtor for less than twenty-five dollars, exclusive of costs — Buffalo City Court Act, § 40 (Laws of 1909, chap. 570), bars execution of judgment against real property, where judgment is less than twenty-five dollars, exclusive of costs — motion by judgment debtor to vacate order in supplementary proceedings granted.

A motion to vacate an order in supplementary proceedings, predicated upon a judgment entered in the City Court of Buffalo against the judgment debtor for twenty dollars and eight cents damages and five dollars and fifty-five cents costs, will be granted for the reason that the court granting the order was without jurisdiction, since section 40 of the Buffalo City Court Act (Laws of 1909, chap. 570) provides that no judgment for a sum less than twenty-five dollars, exclusive of costs, shall be a lien upon or enforceable against real property, and a supplementary proceeding cannot be instituted except where the judgment upon which it is based is a lien on real property.

MOTION by judgment debtor to vacate order in supplementary proceedings.

*Charles Oishei,* for the motion.

*Andrew B. Gilfillan,* opposed.

NOONAN, J.:

The judgment creditor, after personal service of summons, obtained a judgment in the City Court of Buffalo against the judgment debtor for twenty dollars and eight cents damages, and five dollars and fifty-five cents costs, a total of twenty-five dollars and sixty-three cents. Thereafter a transcript was filed in the Erie county clerk's office and execution issued and returned wholly unsatisfied. The judgment creditor then obtained the usual order in supplementary proceedings, and the judgment debtor has moved to set aside said order on the sole ground that the court was without jurisdiction to grant the same because the judgment, exclusive of costs, was less than twenty-five dollars.

Supplementary proceedings are statutory and the court has only the jurisdiction conferred by statute. (*Mede* v. *Meyer,* 55 Misc. 621; *Maass* v. *McEntegart,* 20 id. 676.)

Section 40 of the City Court Act (Laws of 1909, chap. 570) provides for the filing of transcripts of judgments and the effect thereof, and the last sentence of said section reads as follows: " But no such judgment for a sum less than twenty-five dollars, exclusive of costs, shall be a lien upon or enforced against real property."

To entitle the judgment creditor to an order a " judgment must have been rendered for a sum not less than twenty-five dollars " (Civ. Prac. Act, § 775), and then only " after the return, wholly or partly unsatisfied, of an execution against property." (Civ. Prac. Act, § 779.) The word "property," as used in the sections relating to supplementary proceedings, includes real as well as personal property. (*Mason* v. *Hackett*, 35 Hun, 238, 240; *Mede* v. *Meyer, supra; Importers & Traders' Nat. Bank* v. *Quackenbush*, 143 N. Y. 567.) Therefore, in a case where the execution issued was upon a judgment which was not a lien upon real property, there has been no execution as required by section 779 of the Civil Practice Act, and supplementary proceedings may not be maintained.

The great weight of authority supports the proposition that a supplementary proceeding cannot be maintained *unless* the judgment upon which it is based is a lien upon real property. (*Mason* v. *Hackett, supra; Mede* v. *Meyer, supra; Andrews* v. *Mastin*, 22 Misc. 263; *Milan* v. *Kerlansky*, 87 id. 15.)

The order in supplementary proceedings must be vacated and set aside, without costs, and an order may be entered accordingly.