NONPAREIL PAINTING CO., INC., Plaintiff, *v.* HENRY W. HOLLING, Defendant.

City Court of New York, Bronx County, January 9, 1930.

*Seiden & La Gattutta*, for the plaintiff.

*Adolph E. Gutgsell*, for the defendant.

DONNELLY, J. The action is to recover for work, labor and services performed and materials furnished. The defense is a general denial, and in his second, separate and distinct defense the defendant alleges, *upon information and belief*, payment of the claim in suit and of any and all other claims by plaintiff against this defendant.

While it is contrary to the practice in this department to require a defendant to give particulars of a defense of payment unless very special reasons appear why such an order should be made (*Ebin* v. *Equitable Life Assurance Society*, 177 App. Div. 458), it was held in *Sittig* v. *Cohen* (130 id. 689, 690 [First Dept.]) that an averment of payment upon information and belief in defendant's answer emphasized the necessity for a bill of particulars. In that case the plaintiff's assignor was a corporation which, the court observed, " must do its business through its officers and employees." The court also held: " That under proper circumstances a bill of particulars of alleged payments may be required, is established by authority." (Citing *Coolidge* v. *Stoddard*, 120 App. Div. 641, which arose in the Third Department, and in which the plaintiff was an individual whose complaint upon four promissory notes, each set up in a separate count, was answered by a denial of each count separately, and, among other things, allegations as to each note that prior to the commencement of the action the defendant paid, satisfied and discharged the same.)

In the instant case the affidavit in support of the motion is made by the plaintiff's secretary, who deposes that he is fully familiar with all the details concerning the subject-matter involved herein; has full knowledge concerning plaintiff's dealings with this defendant, and that neither he nor any one else on behalf of the plaintiff has any knowledge concerning payment by the defendant as set forth in his answer.

In my opinion, very special reasons appear why the bill of particulars demanded by plaintiff should be required. Motion granted, with ten dollars costs.