In the Matter of Supplementary Proceedings: FERDINAND G. NEUROHR, Judgment Creditor, Plaintiff, *v.* ROBERT B. GWALTNEY, Judgment Debtor, Defendant.

INTER-MANHATTAN CAB CO., INC., Third Party.

City Court of New York, New York County, August 13, 1935.

*Leon Axelrod,* for the judgment creditor.

*Delancey Nicoll,* for the third party.

RYAN, J. The affidavit upon which the third party order was granted set forth " that Inter-Manhattan Cab Co., Inc., has personal property belonging to said judgment debtor, exceeding

ten dollars in value, consisting of a contingent liability to the said judgment debtor, on an action commenced against it for personal injuries, and is indebted to the said judgment debtor in a sum exceeding ten dollars."

Issue was joined in the action referred to on December 7, 1934, and a settlement effected on April 8, 1935, in the sum of $1,700, which amount was paid on the following day to the plaintiffs therein, of whom the judgment debtor was one of three.

The third party order was served on February 21, 1935. One of the contentions advanced in opposition to this motion is that at the time of the service of said order the third party had no money or property belonging to the judgment debtor. In answer, it may be said that the third party had knowledge of the action pending against it by the judgment debtor, and until the termination thereof, whether by settlement, judgment or otherwise, there was a contingent liability on its part to said judgment debtor, which in these proceedings became absolute upon the settlement of the action.

A party is indebted equally, whether its debt is due or to become due. (Davis v. Herrig, 65 How. Pr. 290.)

The order forbade said third party to transfer or make or suffer any other disposition of any property belonging to said judgment debtor or to which said judgment debtor may be entitled not exempt by law from levy and sale under execution or in any manner to interfere therewith, until further order in the premises.

It seems to me there was a clear violation of the terms of the restraining order in the paying over of the money by the third party to the judgment debtor upon the settlement of said action.

There is no question of after-acquired property involved in this motion; nor did the third party order become a nullity upon the acceptance of the affidavit of the third party in lieu of personal appearance, as urged in opposition.

In view of the foregoing a fine of $200 should be imposed upon the third party, payable as may be agreed between counsel upon the settlement of the order to be submitted on this motion on notice. Ten dollars costs of motion are awarded the judgment creditor.